LUCY B. ALLEN, Respondent, *v.* WELLS, FARGO & Co., Appellant.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, eleventh district, borough of Manhattan, rendered in favor of the plaintiff.

Arthur K. Wing, for appellant.

E. C. Davidson, for respondent.

PER CURIAM. The defendant deviated from the contract, when transferring the table to another carrier at Dey street, instead of delivering the article at One Hundred and Twenty-fifth street, where it had an office and to which point its route extended. Thus, the defense was not established, and the plaintiff's evidence of damage is found to support the recovery, to the extent of five dollars — the amount awarded. There was no irregularity in the taxation of costs, in that more than five days had elapsed from the date when judgment was rendered. The insertion of costs was not an amendment of the judgment, since the statute evidently contemplates that the judgment is not complete until the costs are inserted (Mun. Ct. Act, §§ 341, 342); and no limit of time is fixed for the taxation after judgment is "rendered." § 341. It would seem that the review, which is provided for within five days after "entry" of

judgment (§ 342), may be had within that period when computed from the time when the "entry" is completed by the insertion of costs. Otherwise, the statute could not be given the meaning which, if any, it must have been intended to possess.

No contention is made with regard to the items taxed; and, as we have stated, the date of taxation did not affect the validity of the judgment.

Present: SCOTT, BISCHOFF, and FITZGERALD, JJ.

Judgment affirmed, with costs.