(109 App. Div. 706.)

PEOPLE ex rel. SOLOMON et al. v. LANG, Municipal Court Clerk.

(Supreme Court, Appellate Division, First Department. December 15, 1905.)

1. COURTS—MUNICIPAL COURT PRACTICE—COSTS.
　　Under Municipal Court Act Laws 1902, p. 1504, c. 580, § 44, authorizing the issuance of a "free" summons in certain cases, a successful defendant, in an action in which a free summons was erroneously issued, is entitled to statutory costs as if a paid summons had been issued.

2. MANDAMUS—TAXATION OF COSTS—REMEDY AT LAW.
　　Under Municipal Court Act, Laws 1902, p. 1589, c. 580, § 342, providing that a taxation of costs may be reviewed by a justice within five days after judgment, and that the justice may add any item wrongfully omitted, the refusal of the clerk to include any costs in the judgment is a taxation of costs which may be reviewed under the statute; and hence, on failure to secure such a review, the party entitled to costs is not entitled to mandamus to compel the clerk to tax them.

Appeal from Special Term.

Mandamus by the people, on relation of Joseph Solomon and another, against Andrew Lang, as clerk of the Municipal Court, to compel respondent to tax costs in favor of relators in an action brought against

them in the Municipal Court. From an order granting a peremptory writ, respondent appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Max Schliemer, for appellant.

Meyer Greenbergh, for respondents.

LAUGHLIN, J. The relators were defendants in an action brought in the Municipal Court. The plaintiff was nonsuited in that action. The relators complain, not of a failure to tax their disbursements, but of a failure on the part of the clerk to tax their statutory costs. The clerk evidently omitted to tax the statutory costs, upon the theory that the plaintiff sued upon a "free" summons, under the provisions of section 44 of the Municipal Court act (Laws 1902, p. 1504, c. 580). The demand, however, exceeded $50, and we are of opinion that the clerk erred in issuing a free summons, and that the rights of the defendants with respect to the entry of the judgment were precisely the same as if the summons had been issued as a "paid" summons, as it should have been. We deem it clear therefore that the relators were entitled to costs, and that it was the duty of the clerk of the Municipal Court on entering judgment to include the statutory costs therein.

It does not follow, however, that mandamus is the appropriate remedy. Sections 341 and 343 of the Municipal Court act prescribe the duty of the clerk with respect to the taxation of costs. Section 342 of the same act provides as follows:

"Review of Taxation. A taxation may be reviewed by the justice sitting in the district, within five days after the entry of judgment, upon two days' notice. The order made upon such a motion must disallow any item wrongfully included in the judgment, or add any item wrongfully omitted therefrom, and direct that any sum so disallowed be credited upon the judgment and upon any execution or mandate issued to enforce the judgment. Unless such review is asked for, such taxation shall not be thereafter questioned on appeal."

Of course, if the relators had a remedy under these statutory provisions, it was their duty to follow the procedure therein prescribed. It appears that their attorney, on the day after judgment was entered, demanded that the clerk insert the statutory costs, and that through their attorney they were aware that this had not been done. They did not apply to a justice of the Municipal Court for a review of the taxation, as prescribed by section 342 of the Municipal Court act, herein quoted. It is contended that, inasmuch as the clerk did not include any costs in the judgment, there was no taxation of costs within these statutory provisions, and, consequently, nothing to review on an application to a justice of the Municipal Court. We are of opinion that this contention is unsound. On such an application the justice is expressly authorized by statute to disallow any item wrongfully included, and to "add any item wrongfully omitted" from the judgment. The decision of the clerk that these statutory costs could not be inserted in the judgment constituted a taxation of costs for the purpose of review, under the provisions of said section 342. If the relators had applied for a review as therein prescribed, we are of opinion that the

justice would have been authorized, and it would have been his duty, to add to the judgment these statutory costs, notwithstanding the fact that the clerk failed and omitted to tax any costs on entering the judgment. It thus appears that the relators had a clear remedy at law, and therefore they were not entitled to the remedy by mandamus.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.

