GOLDSTEIN et al. v. GODFREY CO.

(Supreme Court, Appellate Term. January 5, 1911.)

1. COSTS (§ 243*)—APPEAL—REVERSAL—"COSTS TO ABIDE THE EVENT."
     Where the Supreme Court reversed a judgment, with "costs to abide the event," default by plaintiffs and dismissal of their complaint was the "event," and entitled defendant to costs.
     [Ed. Note.—For other cases, see Costs, Cent. Dig. § 946; Dec. Dig. § 243.*
     For other definitions, see Words and Phrases, vol. 2, p. 1641.]

2. COSTS (§ 199*)—MUNICIPAL COURTS—PRACTICE—TAXATION OF COSTS.
     Municipal Court Act (Laws 1902, c. 580) § 341, containing no time limit in which costs must be taxed, indicates that it was intended that the practice should follow that of courts of record, where costs may be taxed at any time after judgment.
     [Ed. Note.—For other cases, see Costs, Dec. Dig. § 199.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isaac Goldstein and another against the Godfrey Company. From a judgment for defendant, and two orders relating to costs, plaintiffs appeal. Affirmed.

See, also, 61 Misc. Rep. 64, 113 N. Y. Supp. 123; 126 N. Y. Supp. 622.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Herman Kahn, for appellants.
Walter E. Godfrey, for respondent.

GAVEGAN, J. The material facts in this case are undisputed. In 1908 this court reversed a judgment in favor of the plaintiffs and ordered a new trial, "with costs to the appellant to abide the event." When the case came up for retrial, the plaintiffs failed to appear, and the complaint was dismissed; the clerk of the Municipal Court making an entry in the docket book to that effect. The defendant taxed no costs or disbursements until in May, 1910, after the plaintiffs had begun a new action, when the defendant applied to the clerk to tax its costs and disbursements. The clerk in effect refused to do so. Thereupon the defendant moved before a justice of the Municipal

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Court for an order providing for the taxation of its costs and disbursements. This motion was granted, and the costs and disbursements of the defendant were taxed at the sum of $66.25, the items being $10 costs on dismissal of the complaint, $30 costs upon reversal, and $26.25 disbursements, and this amount was inserted in the judgment docket book. The plaintiffs thereafter moved to strike out the item of $10 costs upon dismissal of the action, which motion was denied. Plaintiffs appeal from the order granting the allowance of costs, from the order denying their motion to strike out the $10, and from the judgment as amended by inserting therein the said costs.

I am constrained to hold that the defendant was correct in its practice. The reversal of the judgment in this court awarded costs to the defendant to "abide the event." When the plaintiffs defaulted, and their complaint was dismissed, the action was terminated, and the "event" upon which depended the defendant's right to costs of the reversal had happened. It was also entitled to the costs upon a dismissal and to its disbursements. These costs could have been immediately taxed by the clerk and inserted in the judgment. The reason for the delay was, as stated by the defendant's attorney, a statement made to him by plaintiffs' attorney that the plaintiffs intended to move to open their default. Section 341 of the Municipal Court act (Laws 1902, c. 580) contains no time limit in which costs must be taxed. The omission of any fixed time in which costs must be taxed seems to indicate that the Legislature intended the practice in that court should be the same as in courts of record, where costs may be taxed at any time at or after judgment is entered. This court held, in the case of Allen v. Wells Fargo Co., 48 Misc. Rep. 610, 95 N. Y. Supp. 597, that:

"There was no irregularity in the taxation of costs, in that more than five days had elapsed from the date when judgment was rendered. The insertion of costs was not an amendment of the judgment, since the statute evidently contemplates that the judgment is not complete until the costs are inserted (sections 341, 342, Municipal Court Act), and no limit of time is fixed for the taxation after judgment is rendered."

And it was held in People ex rel. Solomon v. Lang, 109 App. Div. 706, 708, 96 N. Y. Supp. 555, 556, that:

"The decision of the clerk that these statutory costs could not be included in the judgment constituted a taxation of costs for the purposes of review, under the provisions of section 342."

The defendant was clearly entitled to its costs and disbursements, and no right of the plaintiffs has been disregarded, nor have they been harmed by the result.

Judgment and orders affirmed, with costs. All concur.