HELEN READE, Appellant, *v.* WILLIAM J. HALPIN and THE
SOCIETY OF THE SISTERS OF ST. JOSEPH OF THE CITY OF
TROY, Defendants, Impleaded with FREEMAN H. MUNSON,
Respondent.

Third Department, November 14, 1917.

Costs — where plaintiff succeeds in action against one of several
defendants — verdict against one defendant not a severance
of the action.

In an action to recover damages for malicious prosecution, a verdict of
the jury in favor of one of three defendants does not constitute a severance
of the action, and, therefore, under section 3229 of the Code of Civil
Procedure providing that if the plaintiff ultimately succeeds in the action
against one or more of the defendants, none of the defendants are entitled
to costs as a matter of course, the taxation of a full bill of costs against the
plaintiff should be disallowed.

APPEAL by the plaintiff, Helen Reade, from an order of
the Supreme Court, made at the Schoharie Special Term and
entered in the office of the clerk of the county of Rensselaer
on the 13th day of July, 1917, denying her motion to strike
out all the items of the bill of costs of the defendant Freeman
H. Munson, and to vacate the taxation and retaxation of
said costs and to modify the judgment accordingly.

*James Farrell,* for the appellant.

*Thomas S. Fagan,* for the respondent.

SEWELL, J.:

This action was brought to recover damages for malicious
prosecution. All of the defendants appeared by the same
attorney and united in an answer. At the trial a verdict
was rendered in favor of the defendant Freeman H. Munson,
but the jury were unable to agree upon a verdict as to the
other defendants. Judgment was entered dismissing the com-
plaint on the merits as to that defendant and a full bill of
costs was taxed against the plaintiff and included in the
judgment. (See *Reade* v. *Halpin,* 180 App. Div. 157.)

The rule seems to be well settled that where the cause of
action set out in the complaint is joint and several and the

defendants have answered jointly only one judgment may be entered in an action at law. In such a case a defendant's right to costs is regulated by section 3229 of the Code of Civil Procedure. By the express provisions of that section if the plaintiff ultimately succeeds in the action against one or more defendants, but not against all of them, none of the defendants are entitled to costs as a matter of course.

Our attention has not been called to any authority for the contention that the verdict of a jury in favor of the defendant, in an action like the present, constituted a severance of the action. We are, therefore, of the opinion that the plaintiff is entitled to have the defendants' costs retaxed, and disallowed and the judgment modified by striking therefrom the award of costs against the plaintiff.

Order modified by striking therefrom the award of costs against the plaintiff, and as modified unanimously affirmed, with ten dollars costs and disbursements.