THE BROOKLYN NATIONAL BANK OF NEW YORK, Respondent, *v.* JOHN J. SULLIVAN, INC., and JOHN J. SULLIVAN, Appellants.

Second Department, January 31, 1936.

*Victor Konow,* for the appellants.

*Sylvan D. Freeman* [*Meyer Kraushaar* with him on the brief], for the respondent.

PER CURIAM. The plaintiff bank loaned to defendant John J. Sullivan $3,000, for which he gave two promissory notes payable to the bank. When a renewal of one of these notes fell due, it was charged against the balance of defendant John J. Sullivan, Inc., in the bank.

Subsequently two actions were brought: (1) By the bank in the City Court in Brooklyn against Sullivan individually and the Sullivan corporation to recover $1,500 on the theory that the money was " loaned and advanced to the defendant John J. Sullivan,

Inc., acting by and through the defendant, John J. Sullivan, as its agent." On the trial of this action the plaintiff, on motion by defendant that it elect which defendant it would proceed against, elected to proceed against the corporation. It recovered a judgment against the corporation, which was reversed on appeal to the Appellate Term, and a new trial granted with costs to abide the event. (2) By the Sullivan corporation in the City Court in New York against the bank to recover its deposit against which had been charged one of the notes. In this action the Sullivan corporation had judgment, which was affirmed on appeal.

Before there could be a second trial in the first action, the defendant corporation moved to dismiss the complaint as to it on the ground that the judgment in the second action was *res judicata;* and the motion was granted.

The plaintiff bank then moved in the City Court in Brooklyn for summary judgment against the individual defendant Sullivan. That motion was granted and judgment entered thereon, with costs; and the order and judgment were affirmed by the Appellate Term.

The appellant Sullivan appealed, by leave granted, to this court from the order of affirmance, claiming that there had been an election of remedies in proceeding against the corporation and that the complaint did not state facts sufficient to constitute a cause of action as to him.

The facts stated did not constitute an irrevocable election. The defendant may not be so easily discharged from his obligation on the notes. (*Tew* v. *Wolfsohn*, 77 App. Div. 454; affd., 174 N. Y. 272.) He still remains a party to the action. On the trial there was no motion to sever the action and dismiss the complaint as to him; and there has been no discontinuance. Although he did not participate in the appeal, the action as to him remained *in suspenso* during the subsequent proceedings. His status as a defendant still exists. (See *Lafredo* v. *Baltic American Line, Inc.*, 241 App. Div. 819; 244 id. 748.) However, the amended complaint did not state a separate cause of action as to him on the notes, or either of them. As the plaintiff's counsel stated on the trial, the action was brought on the theory that the corporate defendant was liable as an undisclosed principal; and there could be no recovery against both the undisclosed principal and the agent. It has been determined that there was no undisclosed principal; and, therefore, the theory of the action has failed.

The order of the Appellate Term entered May 6, 1935, in so far as it affirms the order of the City Court of the City of New York granting plaintiff's motion for summary judgment against defendant John J. Sullivan, should be reversed on the law, with ten dollars

costs and disbursements, the order and judgment of the City Court reversed on the law, with ten dollars costs and disbursements, and the motion for summary judgment denied, with ten dollars costs, with leave to plaintiff to amend its complaint within ten days from the entry of the order hereon.

The order of the Appellate Term in so far as it affirms the order of the City Court of the City of New York, entered November 14, 1934, allowing costs to plaintiff against defendant John J. Sullivan on the entry of the judgment, should be reversed on the law, without costs, the order of the City Court reversed on the law and the motion denied, without costs.

On the appeal to the Appellate Term by the corporate defendant in the action brought by the bank, the judgment was reversed, " with costs to abide the event." The " event " has now occurred in respect to the defendant corporation, for the complaint as to it has been dismissed. The individual defendant is still a party to the action. The two defendants united in an answer. Under the order of the Appellate Term the defendant corporation is not entitled to trial costs (Civ. Prac. Act, § 1476; *Reade* v. *Halpin,* 180 App. Div. 161); but is entitled to costs on appeal. (Civ. Prac. Act, §§ 1489 and 1490; *Gordon* v. *Krellman,* 217 App. Div. 477; *Goldstein* v. *Godfrey Co.,* 70 Misc. 225.)

The order of the Appellate Term in so far as it affirms the order of the City Court of the City of New York, entered November 14, 1934, denying the motion of defendant John J. Sullivan, Inc., for judgment for costs and disbursements in the first action should be reversed on the law, without costs, the order of the City Court reversed on the law, without costs, and the motion granted to the extent of allowing costs on appeal in the first appeal to the Appellate Term, the amount thereof to be taxed on notice.

CARSWELL, DAVIS, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Order of the Appellate Term entered May 6, 1935, in so far as it affirms the order of the City Court of the City of New York granting plaintiff's motion for summary judgment against defendant John J. Sullivan, reversed on the law, with ten dollars costs and disbursements, order and judgment of the City Court reversed on the law, with ten dollars costs and disbursements, and motion for summary judgment denied, with ten dollars costs, with leave to plaintiff to amend its complaint within ten days from the entry of the order hereon.

Order of the Appellate Term in so far as it affirms the order of the City Court of the City of New York, entered November 14, 1934, allowing costs to plaintiff against defendant John J. Sullivan on the

entry of the judgment, reversed on the law, without costs, order of the City Court reversed on the law and motion denied, without costs.

On the appeal to the Appellate Term by the corporate defendant in the action brought by the bank, the judgment was reversed, " with costs to abide the event." The " event " has now occurred in respect to the defendant corporation, for the complaint as to' it has been dismissed. The individual defendant is still a party to the action. The two defendants united in an answer. Under the order of the Appellate Term the defendant corporation is not entitled to trial costs (Civ. Prac. Act, § 1476; *Reade* v. *Halpin*, 180 App. Div. 161), but is entitled to costs on appeal. (Civ. Prac. Act, §§ 1489 and 1490; *Gordon* v. *Krellman*, 217 App. Div. 477; *Goldstein* v. *Godfrey Co.*, 70 Misc. 225.)

Order of the Appellate Term in so far as it affirms the order of the City Court of the City of New York, entered November 14, 1934, denying the motion of defendant John J. Sullivan, Inc., for judgment for costs and disbursements in the first action, reversed on the law, without costs, order of the City Court reversed on the law, without costs, and motion granted to the extent of allowing costs on appeal in the first appeal to the Appellate Term, the amount thereof to be taxed on notice.