FIRST NATIONAL BANK OF MEADVILLE, Appellant, *v.* THE FOURTH NATIONAL BANK OF NEW YORK, Respondent.

Where an order is made by this court on appeal from a judgment, reversing the judgment with costs to abide the event, and without other limitation, the respondent, if finally successful in the action, is entitled to tax the costs of the appeal.

*U. T. Co.* v. *Whiton* (78 N. Y. 491), distinguished.

*First Nat. Bank* v. *Fourth Nat. Bank* (22 Hun, 563), reversed.

(Argued March 1, 1881; decided March 8, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term which directed the readjustment of costs in this action as taxed by the clerk, by striking therefrom allowances of costs on appeal to this court. (Reported below, 22 Hun, 563.)

Plaintiff obtained judgment, which was affirmed on appeal to the General Term, but it and the judgment of the General Term was reversed on appeal to this court "with costs to abide the event." (77 N. Y. 320.)

A new trial was had and plaintiff was again successful; the clerk allowed and taxed the costs of the appeal to this court.

*George A. Black* for appellant. Plaintiff was entitled to the costs as taxed by the clerk. (Old Code, § 306; *Union Trust Co.* v. *Whiton,* 17 Hun, 593; 78 N. Y. 491; *Howell* v. *Van Siclen,* 4 Abb. N. C. 1, 2.)

*David J. H. Wilcox* for respondent. Plaintiff had no statutory right to the costs claimed. They were entirely in the discretion of this court. (Code of Procedure, § 306.) This court so exercised its discretion in the judgment of reversal, that plaintiff cannot recover costs of the appeal to it. (Code of Procedure, § 303; *Howell* v. *Van Siclen,* 8 Hun, 524; affirmed, 70 N. Y. 595; *Cochran* v. *Gottwald,* 8 J. & S. 442; *Union Trust Co.* v. *Whiton,* 17 Hun, 593; *Southwick* v. *First Nat. Bank of Memphis,* 9 N. Y. Weekly Digest, 520; *Isaacs* v. *N. Y. Plaster Works,* 4 Abb. N. C. 4.)

Andrews, J. The plaintiff is entitled to tax the costs of the appeal to this court. The first judgment was reversed, with costs to abide the event. The event of the new trial was the circumstance which was to determine which party should recover the costs of the appeal. The order did not limit the recovery of costs to the prevailing party on the appeal, in case he should finally succeed in the action. Appeals are often taken for technical errors which do not affect the merits, and although the appellant is successful, the effect of such appeals in many cases is simply to protract and increase the expense of the litigation. There is generally no injustice in awarding costs on the appeal to the party who shall finally recover. It is conceded that the plaintiff is entitled to tax the costs of both trials. This is the undoubted practice, although the first judgment in his favor was erroneous. In analogy he should be allowed to tax the costs of the appeal. We have often limited the recovery of costs on appeal to one of the parties, but where the order reversing a judgment and granting a new trial is made with costs to abide the event, without other limitation, we understand that the party finally succeeding in the action is entitled to tax them. This construction was put upon a similar order in *Koon* v. *Thurman* (2 Hill, 357.) In *Union Trust Co.* v.

*Whiton* (78 N. Y. 491), we refused to interfere with the construction given by the General Term of the first department to its own order. The question here is as to the construction of our order. The order of the Special and General Terms should be reversed and the taxation by the clerk should be affirmed.

All concur, except Rapallo, J., absent.

Ordered accordingly.