POWERS *v.* MANHATTAN RY. CO.

(*Superior Court of New York City, Special Term.*   September, 1890.)

COSTS—TAXATION.

An action against an elevated railroad company for damages to land abutting on a street in which the road is constructed and operated, is one of those specified in Code Civil Proc. N. Y. § 3228, in which plaintiff, on the rendition of judgment in his favor, is entitled to costs as of course; and where a judgment in his favor has been reversed on appeal to the court of appeals, "with costs to abide the event," plaintiff, on the rendition of a judgment in his favor on the second trial, is entitled to the costs and disbursements of the first trial, and of his appeal to both the general term and the court of appeals.

At chambers.   Plaintiff, Powers, recovered a judgment at the trial term of the superior court against the Manhattan Railway for damages resulting to plaintiff's property from the construction of defendant's road in the street in front thereof.   This judgment was affirmed by the general term, but on appeal to the court of appeals it was reversed, "with costs to abide the event." See 24 N. E. Rep. 295.   On the second trial plaintiff again recoved judgment.   His bill of costs included the costs and disbursements of the first trial, and of the appeals to both the general term and the court of appeals. The clerk allowed these items, over defendant's objection to the allowance of the costs and disbursements of the first trial and of the appeal to the general term.   Defendant now moves for a retaxation of the costs, and that the items objected to be stricken from the bill of costs.

*Roger Foster,* for plaintiff.   *Davies & Rapallo,* for defendant.

DUGRO, J. The words "with costs to abide the event," used in the *remittitur*, include the costs taxed by the clerk. *First Nat. Bank* v. *Fourth Nat. Bank*, 84 N. Y. 469. The costs at general and trial term were not discretionary, as the action is one of those specified in section 3228 of the Code of Civil Procedure. Many of the cases referred to upon defendant's brief were such as come within subdivision 2 of section 3238, and have no relevancy to the point presented by this appeal from the clerk.