(120 App. Div. 672)

## MORGAN v. ZIMMER.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

**1. JUSTICES OF THE PEACE—APPEAL—RETURN—FAILURE TO FILE.**

Where defendant 'in an action tried before a justice of the peace gave notice of appeal, paid the justice's fees as required by law, and filed a sufficient undertaking, the appeal was perfected, and he was not chargeable with the justice's failure to file his return within the time required by law.

**2. SAME—ISSUE—CALENDAR—MOTION TO STRIKE.**

Code Civ. Proc. § 3071, declares that on appeal from a justice's judgment after the expiration of 10 days from the time of filing the justice's return the action is deemed an action at issue in the Appellate Court, and all the proceedings therein, including the entry, enforcement, and review of the judgment, are the same as if the action had been commenced in the Appellate Court, except as otherwise specially provided. *Held*, that where defendant regularly appealed from a justice's judgment, and the justice failed to file his return within the time required by law, but notwithstanding this the case was placed on the calendar at plaintiff's instance, defendant, having served no notice of trial nor note of issue, and not having waived his right to have the same stricken, was entitled to have the case stricken from the calendar without payment of witness fees.

Appeal from Broome County Court.

Action by Halsey L. Morgan against Martin Zimmer. From an order of the Broome County Court dismissing defendant's appeal from a justice's judgment in favor of plaintiff, defendant appeals. Reversed.

The appeal which was dismissed demanded a new trial in the County Court. The defendant on taking his appeal paid the justice his fees required by law, and filed an undertaking to perfect the appeal. The plaintiff served notice of exception to the sureties on such undertaking, and the defendant paid no attention to such notice. Thereafter the court made an order dismissing defendant's appeal, unless plaintiff paid $10 costs of motion and served a new undertaking. Defendant thereupon paid such costs, and filed a new undertaking, which was not excepted to. The justice failed to file his return on the appeal in the Broome county clerk's office within the time required by law. The plaintiff, however, served notice of trial and a note of issue for the May term of the County Court. When the case was called at the opening of the term, plaintiff's counsel announced that he was ready for trial when the case should be reached. When the case was reached, plaintiff moved to dismiss the appeal on the grounds that no return had been filed, and that there are no pleadings on file upon which the court could proceed to trial. The defendant thereupon swore witnesses, who testified that a paper presented was a correct copy of the complaint in the action, and that the answer thereto was a general denial. The court then directed the trial to proceed, but the plaintiff declined to proceed with the trial. The court asked counsel for the plaintiff if they would withdraw their motion for a dismissal of the appeal and consent that the case pass the term on motion of the defendant upon payment of witness fees, and the plaintiff's counsel stated that they would withdraw the motion to dismiss, and consent that the case pass the term upon the motion of the defendant and upon payment of witness fees. The defendant, however, did not make a motion to put the case over the term, but, instead, moved to strike the case from the calendar upon the ground that, no return having been filed, the case was not at issue, and therefore not properly on the calendar. The court granted the motion to dismiss the appeal with costs, and the defendant has appealed to this court.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Hinman, Howard & Kattell, for appellant.

H. J. Hennessey, for respondent.

CHESTER, J. The defendant had done everything that the law required of him to perfect his appeal to the County Court from the judgment of the Justice's Court, and the justice had failed to make and file his return within the time required by law. Nothing appears to show that the defendant was at fault in not compelling a return to be filed in time to get the case on that calendar. An action is deemed an action at issue in the Appellate Court after the expiration of 10 days from the day of filing the justice's return (Code Civ. Proc. § 3071), and it is only after the action is at issue that a party may serve a notice of trial and file with the clerk a note of issue. The return not having been filed, the case was not at issue, and was therefore not properly on the calendar of the County Court. The defendant had served no notice of trial, and filed no note of issue, and had in no way waived his right to insist upon having the case stricken from the calendar, nor was the plaintiff in any position to ask the court to impose witnesses fees upon the defendant as a condition for putting the case over the term, for he had improperly put it upon the calendar.

The order should be reversed, with $10 costs and disbursements. All concur.