MILLER v. CITY OF BUFFALO et al.

(Supreme Court, Appellate Division, Fourth Department.　January 6, 1909.)

1. COURTS (§ 190*) — APPELLATE JURISDICTION — APPEALS FROM MUNICIPAL COURTS.

Under Laws 1908, p. 1163, c. 387, § 552, authorizing appeals from judgments of the Municipal Court of Buffalo to the Supreme Court of Erie County as appeals are had by law to the County Court from justice's judgments, an appellant from such Municipal Court is entitled to a new trial in the Supreme Court, where he properly perfects his appeal, and his action is at once removed to such court, although the time after filing the return of the lower court before the action shall be deemed at issue in the appellate court has not expired.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 190*)—APPELLATE COURTS—REMOVAL OF CAUSE TO—EFFECT OF JUDGMENT IN TRIAL COURT.

Where an appeal from the Municipal Court of Buffalo is perfected to the Supreme Court of Erie County, the appellant being entitled to a new trial in that court, the judgment of the Municipal Court becomes ineffective for any purpose as a determination of the issues involved in the action.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

3. COSTS (§ 243*)—APPEAL COSTS—COSTS TO ABIDE EVENT—RIGHT TO TAX.

Where, on reversing a judgment of nonsuit, plaintiff was awarded costs in all courts "to abide the event," the event which was to determine her right to costs against defendant was such a determination in her favor as a result of the new trial as would entitle her to costs of that trial, and hence plaintiff was not entitled to tax costs after judgment in her favor on the new trial in the Municipal Court of Buffalo, where an appeal from such judgment was properly perfected to the Supreme Court, as the "event" entitling her to tax costs had not yet occurred.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 938, 946; Dec. Dig. § 243.*]

Appeal from Special Term, Erie County.

Action by Mary Miller against the City of Buffalo and the International Railway Company.　From an order taxing costs for plaintiff, defendants appeal.　Reversed.

See 126 App. Div. 923, 111 N. Y. Supp. 1131.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frederick C. Rupp, for appellant City of Buffalo.
Dana L. Spring, for appellant International Railway Company.
John T. Ryan, for respondent.

ROBSON, J.　This action had its origin in the Municipal Court of the City of Buffalo.　The first trial in that court resulted in a nonsuit, which was affirmed on appeal to the Erie Special Term of the Supreme Court.　On appeal to this court the judgments of the Special Term and Municipal Court were set aside, and a new trial in the Municipal Court directed, with costs in all the courts to the plaintiff to abide the event.　Miller v. City of Buffalo et al., 126 App. Div. 923, 111 N. Y. Supp. 1131.　On the new trial plaintiff had judgment, June 20, 1908, against both defendants for $250 damages and $30.10 court

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and statutory costs of that trial. A transcript of this judgment was filed in the clerk's office of Erie county June 23, 1908. On June 24, 1908, both defendants duly perfected an appeal from the judgment of the Municipal Court to the Supreme Court of Erie County and demanded a new trial therein. On the same day, but after this appeal by defendants had been perfected, plaintiff obtained the order and entered the judgment, from which this appeal is taken.

The statute regulating appeals from judgments of the Municipal Court of Buffalo, in force when the appeal from the judgment of that court was taken, provides, among other things, that appeals may be had from judgments of said court to the Supreme Court, Erie County, upon questions of fact or of law in the same manner and with like effect as appeals are now had by law to the County Court from Justice's Court judgments. Laws 1908, p. 1163, c. 387, § 552. There is no question but that prior to the granting and entry of the order and judgment now appealed from defendants had both properly perfected an appeal to the Supreme Court, Erie County, from the Municipal Court judgment, which entitled them to a new trial of the action in the Supreme Court. The effect of this appeal upon the judgment of the Municipal Court is like that upon a judgment of a Justice Court when an appeal is perfected, by which an appellant is entitled to a new trial in the County Court. Sections 552 and 554 of the statute above referred to. When defendants had perfected their appeal to the Supreme Court, the action was at once removed to that court, although the 10 days, provided for by section 3071 of the Code of Civil Procedure after filing the return of the lower court before the action shall be deemed at issue in the Appellate Court, had not expired. Cutting v. Jessmer, 101 App. Div. 283, 91 N. Y. Supp. 658. The appeal having been perfected, there remained no judgment in favor of plaintiff effective for any purpose as a determination of the issues involved in the action. Burns v. Howard, 9 Abb. N. C. 321, 324; Crandell v. Bickerd, 32 Misc. Rep. 258, 261, 66 N. Y. Supp. 352.

On the first appeal to this court plaintiff was awarded costs in all courts to abide the event. The "event" which was to determine her right to tax these costs against defendants was such a determination in her favor, as a result of the new trial, of the issues involved in the action, as would entitle her to costs of the new trial. Snyder v. Collins, 12 Hun, 383; New v. Anthony, 4 Hun, 52; First National Bank of Meadville v. Fourth National Bank of New York, 84 N. Y. 469; Carpenter v. Manhattan Life Assurance Company, 25 Hun, 194. But the new trial had in Municipal Court has not resulted in any effective, or enforceable, determination of the action. The action itself has not yet eventuated. No new trial has been had by which it has in any proper sense of the expression been determined. The "event," entitling plaintiff to tax the costs awarded on the former appeal, has not yet occurred.

It follows that the order and judgment awarding those costs was premature, and should be reversed, with costs.

Order and judgment reversed, with costs. All concur, except SPRING, J., not sitting.