(139 App. Div. 624.)

### MERKEL v. LAZARD et al.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

COSTS (§ 247*)—COSTS ON APPEAL—DECISION OF COURT—COSTS OF FORMER TRIAL—"COSTS IN ALL COURTS."

    A decision of the Court of Appeals on appeal from the Appellate Division reversing a judgment dismissing the complaint on the second trial of the action on the ground that the case presented a question for the jury, and ordering a new trial, rendered pursuant to a stipulation for judgment absolute in case of affirmance, which affirms the order of the Appellate Division, and which directs judgment against defendant on the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stipulation "with costs in all courts," awards to plaintiff the costs of the first trial, resulting in a directed verdict in his favor, reversed on exceptions by the Appellate Division, granting a new trial, with costs to defendant to abide the event.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 951; Dec. Dig. § 247.*]

Laughlin and Miller, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Lizzie Merkel against Alexander Lazard and another. From an order denying a motion for a retaxation of costs, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Abraham Benedict, for appellants.

Rudolph F. Rabe, for respondent.

SCOTT, J. This is an appeal from an order affirming the clerk's taxation of costs. On the first trial of the action a verdict was directed in favor of plaintiff, and the exceptions ordered to be heard in the first instance at the Appellate Division. The latter court sustained the exceptions and ordered a new trial, with *costs to defendants* to abide the event (see 114 App. Div. 25, 99 N. Y. Supp. 686). On the second trial the complaint was dismissed, but the Appellate Division reversed the judgment entered upon the dismissal, and again ordered a new trial. See 124 App. Div. 934, 109 N. Y. Supp. 577. The defendants, stipulating for judgment absolute in case of affirmance, appealed directly to the Court of Appeals (see 195 N. Y. 560, 88 N. E. 1125), which affirmed the order of the Appellate Division and directed judgment against the defendants, upon their stipulation, *with costs in all courts.* The question raised by this appeal is as to the meaning of the phrase used by the Court of Appeals "with costs in all courts." It will be observed that there have been two trials, two appeals to the Appellate Division and one appeal to the Court of Appeals. The plaintiff respondent insists that the intention was to award her the appropriate costs for each occasion upon which she was obliged to appear in court in order to secure what has finally been decided to have been her due. The defendant appellants however point out that no judgment was entered as a consequence of the first trial, and hence no costs were awarded, and that the costs upon the first appeal to the Appellate Division were, in terms, given to the defendants. Hence they argue that it could not have been the intention of the Court of Appeals to award costs for the first trial and first appeal, and the purpose of the present motion was to have such costs stricken out of the judgment. It is evident that a plausible argument can be made in favor of each of the constructions thus contended for. Our duty is to endeavor to determine what the Court of Appeals intended. To so determine, it will be helpful to consider the circumstances under which the phrase in question was used. The history of this case, so far as it appears from the reports shows that the plaintiff's exceptions were sustained

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and a new trial ordered because there were questions of fact involved, which called for a submission of the case to the jury, and that a dismissal of the complaint therefore constituted error (114 App. Div. 25, 99 N. Y. Supp. 686). Upon the second appeal, it appeared that the trial court had again taken the case from the jury, this time directing a verdict for defendant, and the reversal by the Appellate Division was put upon the distinct ground that the case presented a question of fact which should have been submitted to the jury, and that the failure so to submit it again constituted reversible error (124 App. Div. 934, 109 N. Y. Supp. 577). It may fairly be inferred, therefore, that the Court of Appeals found presented for their consideration an appeal embracing questions of fact as well as of law. That court has recently taken occasion in several cases to express its disapproval of the practice of appealing to that court, with a stipulation for judgment absolute, from orders of the Appellate Division reversing judgments and ordering new trials, where the record showed that questions of fact, as well as of law, were presented, and have announced the determination "to restrain the practice by the most repressive form of order within our power." Van Slyck v. Woodruff, 192 N. Y. 547, 84 N. E. 724; Tousey v. Hastings, 194 N. Y. 79, 86 N. E. 831. In both of these cases the court used the same phrase which it used in the present case awarding the respondent "costs in all the courts.". As that phrase was expressly intended to give all that the court had power to give, it is reasonable to suppose that it was used with like intention in the present case. Our conclusion is that the court intended to award the costs of the first trial and the first appeal to the Appellate Division, as well as the costs of the second trial and the appeals that followed it, since that was the most repressive form of order within the power of the court.

Order affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., and CLARKE, J., concur.

LAUGHLIN, J. (dissenting). I am of opinion that by "costs in all courts" the Court of Appeals meant costs of the last trial, and on the appeal to this court from the judgment dismissing the complaint and to the Court of Appeals from the judgment and order of this court, and did not intend, if indeed it had authority, to award to plaintiff the costs of the motion for a new trial in this court involving the first trial which we had awarded to the defendants *only* to abide the event; nor was it intended to affect the costs of the first trial which were left to be determined by the provisions of the Code of Civil Procedure applicable thereto.

MILLER, J., concurs.