(143 App. Div. 244.)

JONES v. GOULD et al.

(Supreme ·Court, Appellate Division, First Department.  March 10, 1911.)

COSTS (§ 244*)—AWARD OF COSTS ON APPEAL—CONSTRUCTION—"COSTS IN ALL
·COURTS."

A judgment, for plaintiff was reversed by the Appellate Division, and
defendants then moved at Special Term for judgment on the pleadings.
This motion was denied, but was granted on defendants' appeal to the
Appellate Division.· Judgment of dismissal was thereupon entered and
was affirmed by the ·Appellate Division, but was reversed by the Court
of Appeals, and a new trial ordered "with costs to the appellant (plain-
tiff) in all courts," and defendants' motion to amend the remittitur was
denied. Held, that the phrase quoted meant the costs in every court to
which he was compelled to resort to uphold his complaint, including the
costs of the first trial and the appeal from the judgment rendered there-
on, as well as the costs of the subsequent application to the Special
Term, and the appeals to the Appellate Division and the Court of Ap-
peals.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 244.*]

Miller and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.

Action by John S. Jones against George J. Gould and others.  From
an order denying a motion for retaxation of costs, plaintiff appeals.
Reversed.

See, also, 133 App. Div. 737, 118 N. Y. Supp. 134.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER,
and DOWLING, JJ.

David McClure, for appellant.

Lawrence Greer, for respondent Gould.

Appleton D. Palmer, for respondents Ramsey and Guy.

SCOTT, J.  Appeal from order denying motion for retaxation of
costs.

This cause was first tried at Trial Term and resulted in a verdict
for plaintiff for upwards of .$500,000.  The court granted an extra
allowance of $2,000, and other costs were taxed at $137.38.  That
judgment was reversed by this court.  123 App. Div. 236, 108 N.
Y. Supp. 31.  Instead of taking a new trial, defendants moved at
Special Term for judgment upon the pleadings that the complaint be
dismissed.  This motion was denied, but on appeal to this court the
order was reversed and the motion to dismiss granted.  130 App.
Div. 451, 114 N. Y. Supp. 956.  A judgment of dismissal was there-
upon entered, which on appeal was affirmed by this court.  133 App.
Div. 889, 118 N. Y. Supp. 1116.  The plaintiff thereupon appealed
to the ·Court of Appeals, which reversed the judgments of the Ap-
pellate Division and the Special Term and ordered a new trial "with
costs to the appellant (plaintiff) in all courts."  92 N. E. 1071.  The
present controversy arises over the meaning of the phrase "costs in
all courts"; plaintiff contending that it means the costs in every court
to which he has been compelled to resort in order to uphold his com-

plaint, which would include the costs of the first trial and the appeal from the judgment rendered thereon, as well as the costs of the subsequent application to the Special Term, and the appeals to this court and the Court of Appeals. The defendants, on the other hand, contend that the phrase does not cover the costs of the first trial and appeal. To remove any doubt upon the subject, and to procure a construction of the phrase in consonance with their interpretation of it, defendants moved in the Court of Appeals that the remittitur be amended "so that the same shall direct that the judgments of the Appellate Division and of the Special Term be reversed and a new trial granted with costs to the appellant in the Special Term and in the Appellate Division and this court in the subsequent proceedings taken therein." This motion was denied; but, when it came to the taxation of costs, the clerk construed the phrase "with costs in all courts" as the defendants construe it, and as they unsuccessfully sought to induce the Court of Appeals to construe it, and he accordingly refused to tax the plaintiff's costs of the first trial and the first appeal to this court. This appeal is from an order affirming his action.

An examination of the printed volumes of the New York Reports will show that there are a number of phrases used by the Court of Appeals to fit the justice of the cases in which they are used. Some of these recur very frequently; but the particular phrase used in the present case, "costs in all courts," is very infrequently used. We had occasion very recently to undertake to construe it, and concluded, for reasons stated at length, that what the Court of Appeals intended to award to the party finally successful was the costs in every court in which he had been obliged to appear to uphold his claim of right. Merkel v. Lazard, 139 App. Div. 624, 124 N. Y. Supp. 140. While the precise reasons present in that case for so construing the mooted phrase are not present here, there are other reasons which seem to us equally convincing. The most potent of these reasons is the action of the Court of Appeals itself in denying the defendants' motion to amend the remittitur. By that motion it was advised that in the minds of the parties, at least, there was a doubt as to the meaning of the phrase as used, and that the construction now urged by the plaintiff was strenuously contended for by him. If that court had intended to award only the costs which have been allowed on the taxation, we have no reason to doubt that it would have made its meaning clear by amending the remittitur, and we can regard its refusal to do so only as a clear intimation that an amendment such as the defendants asked would not express its intention. The only alternative is to construe the direction as to costs as the plaintiff would have us do. The fact that the costs were awarded absolutely, and not to abide the event, notwithstanding a new trial was ordered, is not without its significance, and indicates a desire to compensate the plaintiff in some measure for the delay and expense to which he has been put in finally obtaining from the court of last resort an approval of his pleading. Literally, "costs in all courts" means costs in every court in which the parties have been obliged to appear, from the commencement of the action to the judgment or order awarding the

costs, and we see no reason in the present case to assume that the Court of Appeals meant its order to be read otherwise than literally.

The order appealed from must be reversed, with $10 costs and disbursements, and plaintiff's motion for a retaxation of costs, in accordance with the opinion, granted, with $10 costs.

McLAUGHLIN and DOWLING, JJ., concur.

MILLER, J. (dissenting). The appeal to the Court of Appeals took up for review only the proceedings originating in the motion for judgment on the pleadings. But for the fact that the last decision of this court was made on the authority of the first (133 App. Div. 889, 118 N. Y. Supp. 1116), the Court of Appeals would not even have been informed by the record before it that there had been a trial and a judgment for the plaintiff reversed by this court. That judgment was reversed for insufficiency of the complaint and for failure of proof (123 App. Div. 236, 108 N. Y. Supp. 31), and the verdict upon which it was entered has not been reinstated. The phrase "costs in all courts" can only mean costs at all stages of the proceedings involved in the appeal. In my view, the award of costs absolutely, and not to abide event, shows a purpose to impose only the costs caused by the defendants' motion for judgment on the pleadings, which has resulted in leaving the litigation just where it was before the motion was made.

This case is very different from Merkel v. Lazard, 139 App. Div. 624, 124 N. Y. Supp. 140. In that case the decision of the Court of Appeals ended the litigation. In spite of repeated warnings of the Court of Appeals, the defendant had given a stipulation for judgment absolute and had appealed from a judgment of reversal in a case involving a question of fact.

Strangely enough, the decision which we are required to construe is not a part of the appeal papers. It is said that a new trial was in terms ordered; but, so far as the appeal was concerned, there had never been a trial. The effect of the decision was to reverse the judgments of the Appellate Division and the Special Term and the intermediate orders involved, and to deny the motion for judgment on the pleadings, thereby restoring the case to the situation before the motion was made. Surely the Court of Appeals could not have intended to reinstate a judgment for costs which it did not have before it, or to restore an extra allowance of which it probably had no knowledge and which there is now no verdict to support. The Court of Appeals may have refused to amend the remittitur for the reason that it was thought to be plain enough without amendment.

CLARKE, J., concurs.