TONY FERRAZZANO, Plaintiff, *v.* CHARLES R. HERTZBERG, Defendant.

(County Court, Oneida County, August, 1915.)

Appeal — from judgment of City Court of Utica — return when not filed — jurisdiction of County Court.

Where an appeal having been taken from a judgment of the City Court of Utica in favor of plaintiff the case appeared on

County Court, Oneida County, August, 1915. [Vol. 91.

the calendar of the County Court at the term for which appellant had served notice of trial and filed a note of issue, the County Court has jurisdiction to try the case though no return on appeal has been filed by said City Court.

Where, upon the case being reached for trial in the County Court, the denial of defendant's motion to strike the cause from the calendar on the ground that no return on appeal had been filed resulted in a verdict for plaintiff, a motion to set aside the verdict and for a new trial on the ground that the case was not properly on the calendar must be denied.

MOTION to set aside a verdict of the jury rendered herein, and for a new trial, upon the ground that the case was not properly upon the calendar.

W. R. Goldbas, for motion.

Southworth & Scanlan, opposed.

HAZARD, J. This action arose in the City Court of Utica where it was tried, and a verdict rendered in favor of the plaintiff. Defendant appealed to this court, taking the usual steps, and the case appeared upon the calendar of the June term of this court, the defendant-appellant having served a notice of trial and filed a note of issue for that term. Upon the case being reached for trial upon the day calendar, it appeared that no return had been filed by the City Court, and appellant moved to strike the case from the calendar on that ground. The motion was denied, and the case proceeded, resulting in a verdict of the jury in favor of the plaintiff. Defendant makes this motion, alleging that the ruling above referred to was erroneous, and that the court was without power to try the case, in the absence of a return. The case would be simple enough if it were not for the fact of appellant having served a notice of trial and filed a note of issue. Had he not done that, there could be absolutely no

question about its being improperly upon the calendar, and the sole question that we have to test is as to the effect of that action on his part. I do not find any case which is definitely and squarely in point. In the case of *Morgan* v. *Zimmer,* 120 App. Div. 672, where it was held that inasmuch as the return was not filed, the case was not at issue, and therefore not properly on the calendar of the County Court, the Appellate Division used this language: " The defendant had served no notice of trial, and filed no note of issue, and had in no way waived his right to insist upon having the case stricken from the calendar." It would appear inferentially that the doing of these things, viz.: The serving of a notice of trial and the filing of a note of issue would amount to a waiver, and it seems to me that that is the fair inference to be drawn from the language quoted. On the other hand, the case of *Beardsley* v. *Bowker,* 6 Wkly. Dig. 341, is perhaps contra. That was a case of an appeal from Justice's Court, in which a return was never filed, and which had been on the calendar of one or two terms, and the appeal was finally dismissed by the County Court for lack of prosecution. It seems that an order was made at the same time affirming the justice's judgment, which the court held to be wrong. It does not appear which side filed the note of issue, etc., and, as the only action there taken was the dismissal of the appeal, the case is not of much assistance here, and I do not think can be regarded as an authority in favor of the moving party in this action.

It does not seem to be made the duty of either party in particular to see that the justice of the peace files his return. Apparently, at least, it is not the duty of the appellant. See *Morgan* v. *Zimmer* cited above, where it is said that " the defendant had done everything that the law required of him," that apparently

being the service of a notice of appeal and the payment
of costs. While authorities directly upon that point
are not very numerous or very explicit, it seems to me
that upon an appeal being taken, viz.: Upon the serv-
ice of a notice of appeal and the payment of costs,
that the action thereupon ceases to exist in the lower
court, and the County Court acquires thereupon juris-
diction of the case. For instance, authority is given
by section 3055 of the Code of Civil Procedure, to
the County Court, to compel, by attachment if neces-
sary, the justice to make a return. Authority is also
given in the Code to compel further or amended re-
turns. I assume that there is never a hiatus, a time in
an action, in which some court does not have juris-
diction of it. I appreciate there may be a time when
there is a question as to when the case is finally and
fully before the County Court, but apparently con-
trolling jurisdiction over the case seems to be vested
in the County Court upon and after the service of a
notice of appeal. In *Miller* v. *City of Buffalo,* 129 App.
Div. 833, it is said: When the appeal was perfected,
" the action was at once removed to that court, al-
though the ten days provided for by section 3071 of
the Code of Civil Procedure * * * had not expired."
*Kellock* v. *Dickinson,* 5 App. Div. 515, is cited as sup-
porting a contra assertion. I have considered that
case carefully, but have reached the conclusion that
it is to be differentiated. The case held that an
order to open a default in the court below could not
be made until the return was filed. The reason for
that ruling is clearly stated (p. 517) as follows: " It
is quite apparent that the return must be before the
court in order to enable it to determine what trans-
pired below." It is true the court said: " It is the
return of the justice, the notice of argument and
the placing of the appeal upon the calendar that con-

fer jurisdiction upon the court over the appeal, and without such steps being taken, the appeal is not properly before the court.'' What that case really decides is that a motion to relieve a defendant from a default in a lower court cannot be entertained at a time when neither a return was made, a notice of trial was served, nor a note of issue filed. I think anything beyond that should be regarded as dictum. Manifestly, the case is different from the one at bar, not alone because in that case there was an appeal on questions of law, and the relief sought was the opening of a default in the Justice's Court, but here we have an appeal for a new trial, and two of the items considered by the court, viz.: The service of the notice of trial, and the filing of a note of issue have occurred, and both were done by the moving party himself, who now comes here to claim that the case was not properly upon the calendar, notwithstanding the fact that he put it there himself. I think the taking of an appeal for a new trial may be likened to the bringing of an action, and, when the appeal to this court is perfected, the situation is as if a summons and complaint in the County Court had been served. *Crannell* v. *Comstock,* 12 Hun, 293. Of course a case cannot ordinarily be put upon the calendar before it is at issue, but let us assume that, before an answer is served in a case brought originally in the County Court — perhaps as an incident to a stipulation extending time to answer, cross-notices of trial are served and both sides file a note of issue. Surely neither party would thereafter be heard to say that the case was prematurely upon the calendar; and I think that is about the situation here.

I therefore hold and decide that this defendant-appellant by himself serving a notice of trial and filing a note of issue had waived his right to claim that the

case was not properly upon the calendar of the term of court at which it was tried, and that this court had jurisdiction of the case, under the circumstances, notwithstanding that a return was not then filed, and therefore deny his motion.

Ordered accordingly.