MORRIS BERTMAN, Respondent, *v.* MARY NEISNER, Appellant.

First Department, April 5, 1917.

Practice — amendment of complaint after issue joined — terms — erroneous order that cause retain its place upon the calendar.

Where issue has been joined in an action for negligence which the plaintiff alleged to consist in the defendant's failure to protect the areaway or cellar by proper guards as required by a municipal ordinance and when the case was about to be reached for trial, the plaintiff's attorney determined that it was necessary to amend the complaint by omitting all reference to the city ordinance and alleging that the areaway into which the plaintiff fell was wholly upon the public highway, thus substituting a cause for nuisance in place of the original action for negligence, it was error to allow the amendment without terms.

The amendment should have been conditioned upon payment by the plaintiff of costs before and after notice of trial up to the time the amendment was moved for, including any interlocutory costs that may have been awarded against him.

Moreover, the order authorizing such amendment should not provide that it is without prejudice to the present condition of the cause on the general or day calendar of the court and that it was not necessary for the plaintiff to file a new note of issue or notice of trial, for the result is to penalize the defendant for a favor extended to the plaintiff.

When the plaintiff amends the defendant is entitled to the statutory period within which to answer and, unless a contrary direction is given by the court, a new date of issue will arise and it will be necessary to renotice the cause, etc.

*It seems*, that it is proper to impose the condition that the cause retain its place upon the calendar upon the party who asks the amendment as a favor, but not upon his adversary.

APPEAL by the defendant, Mary Neisner, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of February, 1917, granting, without terms, plaintiff's motion for leave to serve an amended complaint.

*Harold M. Phillips*, for the appellant.

*Abraham Rosenstein*, for the respondent.

SCOTT, J.:

The complaint, as originally drawn, attempted to state a cause of action for negligence consisting of defendant's failure

to cause an entrance to an areaway or cellar to be protected by proper railings or chains as required by a city ordinance.

The defendant joined issue and the cause was noticed for trial and placed on the calendar. A motion for a bill of particulars was made by defendant, and, by reason of plaintiff's insufficient compliance with the order granted thereon, a further motion was necessary. When the cause was about to be reached for trial counsel was retained for plaintiff, and he determined that it was necessary to amend the complaint and made a motion to that end which resulted in the order appealed from. The proposed amended complaint completely changes the cause of action by omitting all reference to the city ordinance and alleging that the areaway into which plaintiff fell was wholly upon the public highway, thus seeking to allege a cause of action for nuisance. There are two defects in the order. It should not have been made without terms. The defendant had presumably prepared to defend one action and is now virtually called upon to defend quite a different one. No reason is given why the complaint was not properly drawn in the first place except a statement by plaintiff, a layman, that he thought the original complaint was sufficient. The plaintiff should have been required, as a condition of amending his complaint, to pay costs before and after notice of trial up to the time the amendment was moved for, including any interlocutory costs that may have been awarded against him.

The second defect to which we refer is that the order should not have provided that the motion was granted without prejudice " to the present position of this case on the General or Day Calendar of this Court, and that it is not necessary nor need the plaintiff file a new note of issue nor serve a new notice of trial herein." This amounts to penalizing the defendant for a favor extended to plaintiff. If the plaintiff amends his complaint the defendant is entitled to the statutory period of twenty days within which to answer, and, unless a contrary direction is given by the court, a new date of issue would be presented, and it would be necessary to renotice the cause and file a new note of issue. It is proper to impose such a condition as this upon a party who asks a favor, as where a defendant seeks to amend his answer, but not to impose it as a condi-

tion upon the party against whose opposition a favor is granted to his adversary.

The order appealed from must be modified in accordance with this opinion, and as modified affirmed, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., DOWLING, SMITH and DAVIS, JJ., concurred.

Order modified as stated in opinion, and as modified affirmed, with ten dollars costs and disbursements to appellant. Order to be settled on notice.