STEHLI SILKS CORPORATION, Respondent, *v.* NATHAN J. KLEINBERG, Doing Business under the Trade Name of KLEINBERG WAIST COMPANY, Appellant.

First Department, February 10, 1922.

Pleadings — complaint — amendment — calendar practice — under Civil Practice Act, § 105, court at Special Term properly ordered case to retain its place on general calendar when allowing complaint to be amended — Civil Practice Act liberally construed.

Under section 105 of the Civil Practice Act, the court at Special Term has power, when granting the plaintiff leave to serve an amended complaint, to direct that the case retain its place on the general calendar where there is no claim of surprise or prejudice, save as the plaintiff is assured a trial in due course as if no amendment had been necessary, and the amendment is merely the correction of a technical defect, and it appears that, after a delay of two and one-half years, the case had been reached for trial before the need for the amendment was discovered.

*It seems*, that in order to give the Civil Practice Act the effect which its passage was intended to secure, it must be applied in a broad and liberal spirit, and its provisions must not be restricted by a forced and narrow interpretation, based on the language of former sections of the Code of Civil Procedure.

APPEAL by the defendant, Nathan J. Kleinberg, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of December, 1921, granting plaintiff's motion for leave to serve an amended complaint.

*Charles A. Brodek* of counsel, for the appellant.

*Austin, McLanahan & Merritt* [*George C. Austin* of counsel], for the respondent.

DOWLING, J.:

This action was commenced May 16, 1919, and is brought to recover the purchase price of three hundred pieces of crepe georgette, whereof thirty-nine pieces were delivered to, and accepted by, defendant, and tender of the remaining pieces was made to defendant, who refused to accept or pay for the same. In the complaint it was alleged that the deliveries were to be made during January, February, March and April. In the answer, after certain denials, there were set forth (1) a separate and partial defense; (2) a further answer of tender of the amount conceded by defendant to be due to plaintiff; (3) a further answer and partial defense; (4) a counterclaim. By the " further answer and partial defense," it was averred that plaintiff had been guilty of a breach of the contract in question, in that it had failed to deliver more than forty-seven pieces during January, of which eight were returned to plaintiff and credited by it, and twenty were tendered for return as damaged and off color, which plaintiff refused to receive; and further that plaintiff had failed to deliver the required amount of seventy-five pieces during the month of February, and only offered to deliver thirty-nine pieces late on the afternoon of February twenty-eighth, which defendant rejected as not in compliance with the contract; and that by reason of the failure of plaintiff to comply with the contract by delivering or tendering the agreed amounts during the months of January and February, the defendant elected to cancel the contract, and so notified plaintiff. To this answer the plaintiff replied, denying two paragraphs set up in the counterclaim. The cause was noticed for trial. When it was about to be reached for trial on the regular calendar on November 2, 1921, plaintiff's counsel discovered that the complaint was defective in that it alleged the delivery in January of only thirty-nine pieces of goods instead of seventy-five, as required by the contract, and

2

set up no excuse for the failure to deliver the full number, which was in fact due to defendant's request that deliveries be deferred. Request was promptly made of defendant's attorney that plaintiff be permitted to serve an amended complaint to cure the mistake, upon payment of costs to date and without prejudice to the position of the cause upon the calendar. Defendant having refused to consent to the request, his attorney so advised plaintiff's attorney, and by stipulation of the attorneys, the cause was removed from the day calendar and placed upon the ready calendar for the first Friday in January, 1922. Thereupon plaintiff moved at Special Term for leave to serve an amended complaint on such terms as might be just, and that the cause retain its place upon the general calendar. By the order appealed from leave was granted to serve the proposed amended complaint, upon payment of taxable costs to date, and ten dollars motion costs; defendant was given the statutory time to plead or otherwise move in respect to the same; the case retained its place on the general calendar, but was placed on "the reserved generally division thereof;" and upon the expiration of thirty days after issue was joined on the amended complaint, either party might move to restore the case to the day calendar. From this order, in so far as it provides that the case shall retain its place upon the general calendar, the defendant appeals.

Accepting appellant's contention that the motion is governed by the provisions of section 105 of the Civil Practice Act, we believe that the order under consideration is a valid exercise by the learned court at Special Term of its power under the section, which reads as follows: "At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded." The present application was to supply a defect in the complaint. The omission to be remedied was one to which defendant had called attention by allegations in his answer. There is no claim of surprise or prejudice save as plaintiff is assured a trial in due course, as if no amendment had been necessary. In order to give the Civil Practice Act the effect which its passage was intended to secure, it must be applied in a broad and liberal spirit, and its provisions must not be restricted by a forced and narrow interpretation, based on the language of former sections in the Code of Civil Procedure, which have been totally superseded by the later legislation. The defendant has no vested right to a ·long postponement of the trial of an action

against him, because of the necessity his adversary is under of making a slight change in his pleading, on the eve of the trial. He had a delay of two and a half years before the case was reached for trial in its regular course. The correction of a technical defect in a complaint gives him no just cause for a postponement of the day of trial for two years more. Under this act, the court has power, in a proper case, while it grants plaintiff's application for relief by way of amendment of his pleading, not only to impose terms on him, if it sees fit, but also to provide that the relief granted shall be without prejudice to the cause retaining its place upon the calendar.

The result thus reached is in harmony with the power given to the trial court under rule 166 of the Rules of Civil Practice.

The order appealed from is affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.