HORACE R. KELLY, Respondent, *v.* CHRISTIAN H. HILBERT, Appellant.

First Department, March 17, 1922.

**Pleadings — complaint — order granting leave to serve amended complaint should not deny defendant right to test same by motion or answer — where order directs that case retain position on calendar, direction that date of issue be unchanged is unnecessary — court may, in granting leave to amend complaint, direct that case retain position on calendar — when amendment changes action from one in equity to one at law case cannot retain position on calendar.**

The court cannot on granting leave to the plaintiff to serve an amended complaint, deprive the defendant of the right to test the amended complaint by motion, or to serve such answer thereto as he may be advised.

Where an order granting leave to the plaintiff to serve an amended complaint provides that the case shall retain its position on the calendar, it is unnecessary to provide also that the amendment shall not change the date of issue.

The court has the power, where it grants the plaintiff leave to amend the complaint, to provide that the relief granted shall be without prejudice to the cause retaining its place upon the calendar.

*It seems,* however, that where the amendment to the complaint changes the action from one in equity to one at law, the court cannot direct that the case retain its position on the calendar, for the reason that it must be changed from the Special Term calendar to the trial calendar because of the amendment.

APPEAL by the defendant, Christian H. Hilbert, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of February, 1922, granting plaintiff's motion for leave to amend the complaint.

*Felder, Gilbert, Campbell & Barranco* [*William P. McCool* of counsel; *Richard Campbell* with him on the brief], for the appellant.

*Malcolm Sumner* [*Ralph F. Kane* of counsel], for the respondent.

PAGE, J.:

The wording of the order is unscientific. Leave is granted the plaintiff to serve and file an amended complaint, " and that the issue in this action remain undissolved and the case retain its present position upon the calendar." The phrase, " that the issue \* \* \* remain undissolved," does not clearly convey to the mind any idea of the meaning of the order. In his notice of motion the plaintiff asked for leave to serve and file " an amended complaint in accordance with the annexed proposed amended complaint, and at the same time permitting the issue heretofore joined herein to remain undissolved and unchanged."

The issue was joined by the service of an answer denying the allegation of the complaint. The service of an amended complaint tenders issues that must be met by an answer. Hence, unless an answer is served to the amended complaint, there is no issue to be tried. Rule 101 of the Rules of Civil Practice provides: " If a pleading be amended, a copy thereof must be served on the attorney for the adverse party. A failure to answer the amended pleading, within twenty days thereafter, has the same effect as a like failure to answer the original pleading." It would have been competent, with the consent of the defendant, to have provided that the answer served to the complaint should stand as the answer to the amended complaint with the same force and effect as if served in answer thereto. But when the court is granting a favor to the plaintiff by allowing him to serve an amended complaint, he cannot deprive the defendant of the right to test the amended complaint by motion, or to serve such answer thereto as he may be advised. In so far, therefore, as the order is susceptible of the construction that the defendant is deprived of his right to meet the amended complaint in the manner provided by law, it is erroneous. While it does not so state, nor can the language be construed so to mean, what the attorney in drawing the order probably had in mind was that the amendment should not change the date of issue, but that it should remain as of the original date. Such a provision would not be necessary in an order which provided, as does the one under consideration, that the case retain its present position on the calendar. For the date of issue is important only in determining the position of the case on the calendar when the note of issue is filed. (Code Civ. Proc. § 977; Rules of Civil Practice, rule 151.)

The defendant further objects that it was not proper to impose the condition upon him that the case should retain its place on the calendar and that the plaintiff should not be required to serve a new notice of trial and a new note of issue. That the defendant had an inalienable right to the law's delay was the view of the

courts, and the provisions of section 723 of the Code of Civil Procedure were construed as applying only against the person who asked the privilege of amendment. (*Bertman* v. *Neisner,* 177 App. Div. 442.) We have recently decided that the court had power, where it granted the plantiff leave to amend, to provide that the relief granted shall be without prejudice to the cause retaining its place upon the calendar. Mr. Justice DOWLING, in writing for an unanimous court, said: " In order to give the Civil Practice Act the effect which its passage was intended to secure, it must be applied in a broad and liberal spirit, and its provisions must not be restricted by a forced and narrow interpretation, based on the language of former sections in the Code of Civil Procedure, which have been totally superseded by the later legislation." (*Stehli Silks Corporation* v. *Kleinberg,* 200 App. Div. 16.)

The defendant further complains that in an action in which he was plaintiff and the respondent herein was defendant, and wherein he asked to be permitted to amend his complaint, the court required him to pay costs to date and refused to allow the case to retain its place on the calendar. In answer to this complaint the respondent's counsel states that the action referred to was brought in equity for an accounting under the same contract that is the basis of the instant action, and that the amendment granted changed the cause of action to one at law. In such a case the court could not allow the case to remain on the calendar, because it was on the Special Term calendar, and had to be placed on the Trial Term calendar.

In order that the court should not be required to try two causes of action arising out of the same transaction, and neither party be allowed to secure the advantage of a first trial of his action, it would be proper and advisable that the two actions should be consolidated, which we have no doubt can be secured by a proper motion at Special Term.

The order will be modified by striking out all after the word " granted," and substituting the following: " and plaintiff is hereby permitted to serve and file the proposed amended complaint within five days after the granting of this order, and that the case retain its present place on the General Calendar, and that the proceedings on the amended complaint shall not affect the place of the case upon such calendar, or render necessary the service of a new notice of trial; " and as modified affirmed, with ten dollars costs and disbursements to the appellant.

DOWLING, LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Order modified as directed in opinion and as so modified affirmed, with ten dollars costs and disbursements to appellant.