RUDOLPH LEWITUS, Plaintiff, *v.* BROWN & SECCOMB, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, March 25, 1930.

*David Bernstein*, for the plaintiff.

*Finkler & Finkler*, for the defendant.

CHILVERS, J. The plaintiff and defendant make counter motions for retaxation of costs. There have been four trials of the action. The first resulted in a dismissal of the complaint, which was reversed on appeal " with costs to appellant [plaintiff] to abide the event," and a new trial ordered. The new trial resulted in a verdict for the plaintiff, which also was reversed by the Appellate Term, " with costs to appellant [defendant] to abide the event," and again a new trial was ordered. This third trial resulted in a disagreement, so a fourth trial was had, in which the plaintiff obtained a verdict. The judgment entered on this verdict was affirmed by the Appellate Term, but the Appellate Division reversed this affirmance and the judgment and dismissed the complaint, " with costs to appellant [defendant] in all courts."

The defendant, on the taxation, was disallowed the costs on the first two appeals, the taxing clerk taking the position that the costs finally awarded were those only of the fourth trial resulting in the third appeal. The clerk did allow certain disbursements incurred in the earlier appeals, and, by reason of this, the plaintiff feels aggrieved.

Litigation over costs has been unduly frequent since the famous case of *Jarndyce* v. *Jarndyce*, reported in the last century by Charles Dickens. But the rules applicable to the case before me now are clearly laid down by at least three authorities: *First National Bank* v. *Fourth National Bank* (84 N. Y. 469); *Merkel* v. *Lazard* (139 App. Div. 624), and *Jones* v. *Gould* (143 id. 244).

When costs are awarded on appeal to a party " to abide the event," the party to whom they are awarded can recover them only if at the end of the litigation he is successful. By the end of the litigation is meant the stage in the controversy when the rights of the parties are ultimately determined, no matter how many appeals or new trials may have been had in arriving at the ultimate determination.

When costs are awarded " in all courts," the party to whom they are awarded is entitled to all costs in every court in which the controversy has been heard, with like force and effect as if in each such court the award had been made of costs to him then and there.

In this controversy on the first appeal the plaintiff was successful and costs were awarded to him " to abide the event." The ultimate determination is not in his favor; he, therefore, cannot have them. The Appellate Division has ultimately given costs in all courts to the defendant; he is, therefore, entitled to the costs on this first appeal also, even though he was unsuccessful therein at the time.

The thirty dollars costs of the appeal to the Appellate Term in each of the first two appeals, disallowed by the clerk, must be allowed. The disbursement for the premium for the bond in the third appeal, disallowed by the clerk, should be allowed if satisfactorily proven. If the disbursement allowed for the stenographer's minutes was the price paid for two copies instead of one, that should be corrected by the clerk, if satisfactorily proven to him. The item of thirty dollars for making and serving a case on the appeal from the Appellate Term to the Appellate Division, allowed by the clerk, should be disallowed on retaxation; no case was made, as on appeal from a trial in the Supreme Court, nor was any required.

The clerk is directed to retax costs in accordance with the foregoing.