FELDBLUM REALTY CORPORATION, Plaintiff, *v.* THE CITY OF NEW YORK and Another, Defendants.

City Court of New York, Bronx County, February 1, 1934.

*Meyer Feldman,* for the plaintiff.

*Arthur J. W. Hilly, Corporation Counsel,* for the defendant The City of New York.

*James I. Cuff,* for the defendant St. George Paving Corporation.

EVANS, J.   Since the defendant The City of New York does not oppose the motion, the plaintiff will be given leave to discontinue without costs.   The motion to serve an amended complaint as to defendant St. George Paving Corporation must also be granted. Under section 723 of the Code of Civil Procedure an amendment of a complaint destroyed the issue, and the Special Term was held without power to allow the cause to retain its place upon the calendar.   (*Bertman* v. *Neisner,* 177 App. Div. 442.)   Section 105 of the Civil Practice Act, as construed by *Stehli Silks Corporation* v. *Kleinberg* (200 App. Div. 16) and *Kelly* v. *Hilbert* (Id. 489), empowers the Special Term to make a provision, upon an amendment of a complaint, so as to allow the cause to retain its place upon the calendar, without the service of any further notice of trial and the filing of any new note of issue.   The cause being more than a year from the day calendar, discretion should be in favor of allowing the issue to remain unchanged.   The amended complaint does change the cause of action from one in tort to one in contract.   The facts of the cause, however, remain unchanged. Under these facts, the plaintiff had the option to proceed in contract or in tort.   It changed its theory of recovery from tort to contract probably, under stimulation, from a decision in *Wilson* v. *Costich Co., Inc.* (231 App. Div. 346; affd., 256 N. Y. 629).   Ordinarily an amendment seeking an entirely different cause of action

would be allowed only on severest terms.  At bar the amendment merely seeks to substitute a different legal theory of recovery. Motion granted upon payment of ten dollars costs.  Amended complaint may be served within five days; answer thereto within ten days.  Issue to remain unchanged.