Edward M. O'Hara, Plaintiff, *v.* John N. Derschug, Defendant.

Supreme Court, Onondaga County, December 28, 1934.

*Bond, Schoeneck & King* [*Robert Dineen* of counsel], for the plaintiff.

*Hancock, Dorr, Kingsley & Shove* [*Benjamin Shove* of counsel], for the defendant.

DOWLING, J.   Plaintiff charges that, due to the fraud and misrepresentation of the defendant, he was induced to purchase, for an investment, 3,350 shares of class " B " common stock of the Syracuse Washing Machine Corporation for which he paid $215,000, to his damage in the sum of $185,000.

In his complaint he alleges that defendant represented the " true and actual value " of the stock was in excess of the then selling price on the market.   On the trial plaintiff testified that the representation was that the " book value " was in excess of its then selling price.   To this testimony defendant objected as being inadmissible under the pleadings.   Plaintiff contended that " true and actual value " and " book value " were identical in meaning.   The trial court overruled the objection and the case was tried upon this theory, resulting in a verdict for the plaintiff for $106,619.22. Plaintiff docketed judgment for $108,805.67.   Defendant appealed from this judgment and from an order denying his motion for a new trial.   The Appellate Division reversed the order and judgment " on the law and the facts " and ordered a new trial, " with costs to the appellant to abide the event."   One of the grounds of reversal was the error in the admission of evidence as to " book value," the court holding that the terms " true and actual value " and " book value " were not identical.   (*O'Hara* v. *Derschug*, 241 App. Div. 513, 517.)

Plaintiff now moves for leave to amend his complaint so as to substitute the words " book value " for " true and actual value." The motion is vigorously opposed upon the ground that the moving papers are insufficient to justify the granting of such an order.

Plaintiff swears that the representation related to " book value," and not " true and actual value," and that he always understood such to be the fact.   The drafter of the complaint deposes that, to him, the expressions were identical and that he used the term " true and actual value " as a synonym for " book value."   The plaintiff apparently did not catch the variation between the representation and the language of the complaint when he verified it.   That a layman did not readily note such a variation is quite understandable. I think the explanation offered is sufficient to move the court to grant the amendment, particularly as it does not change the nature of the action, but merely adds an additional element to sustain the

same.   Such an amendment is permissible.   (*Kent* v. *Erie Railroad Co.*, 201 App. Div. 293, 296; *Miller* v. *Carpenter*, 79 id. 130, 132.)

Defendant insists the amendment should be conditioned on payment of all costs and disbursements to date, amounting to about $10,000.   Plaintiff objects to the imposition of any costs except the usual ten dollars for costs of motion.

Under section 723 of the Code of Civil Procedure, the court had the power to permit an amendment of a pleading at any stage of the action on such terms as it deemed just.   Under section 105 of the Civil Practice Act, the court may grant such relief " with or without terms."

Under section 1490 of the Civil Practice Act, in a case where plaintiff is entitled to costs as of course, and this is one, the appellant is entitled to costs on reversal of the judgment appealed from, except, where a new trial is directed, costs may be awarded to either party absolutely, or to abide the event, in the discretion of the court.   In this case the Appellate Division awarded costs to the defendant to abide the event.   It had the power to impose the payment of all costs and disbursements as a condition of granting a new trial.   This it did not do, notwithstanding plaintiff was largely responsible for the costly record on appeal.

It is of importance to determine the meaning of the term " with costs to the appellant to abide the event."   Where an appellate court reverses the judgment appealed from, with costs, that includes all the costs, including those of the inferior courts.   (*Matter of Hood*, 30 Hun, 472.)   Where the party is entitled to costs as of course, the rule is the same.   (*Murtha* v. *Curley*, 92 N. Y. 360; *Matter of Water Commissioners of Amsterdam*, 104 id. 677.)

In discussing the meaning of the term " with costs to the appellant to abide the event," Mr. Justice FINCH in *Gordon* v. *Krellman* (217 App. Div. 477) said (at pp. 481, 482): " In other words, the ' event ' in the case at bar was not the success of the defendant in obtaining the favorable exercise of the discretion of the trial justice in awarding to him costs upon the retrial, but whether or not he was successful in obtaining a judgment in his favor upon the merits, which was the result for which the new trial was ordered.   It follows that both at law and in equity, where costs are awarded to the appellant to abide the event, the meaning of this phrase is that the event which shall determine whether the appellant is entitled to an award of the costs of appeal is his success in obtaining a judgment on the merits upon the retrial."   The expression had the same meaning under the Code of Civil Procedure.   (*Miller* v. *City of Buffalo*, 129 App. Div. 833, 835.)   In *Miranda* v. *Witte* (127 Misc. 669) Mr. Justice HARRIS said (at p. 671): " With reference to the costs

on appeal, they were to abide the event, and in the opinion of the court this means the successful termination of the litigation." In *Lewitus* v. *Brown & Seccomb* (136 Misc. 305) Judge CHILVERS said (at p. 307): " When costs are awarded on appeal to a party ' to abide the event,' the party to whom they are awarded can recover them only if at the end of the litigation he is successful. By the end of the litigation is meant the stage in the controversy when the rights of the parties are ultimately determined, no matter how many appeals or new trials may have been had in arriving at the ultimate determination." The cases of *McEntyre* v. *Tucker* (40 App. Div. 444) and *Bates* v. *Salt Springs National Bank* (43 id. 321), where a contrary view is expressed, were decided under the Code, have not been followed and are distinguishable from the more recent decisions.

The proposed amendment does not alter the nature of the action or work an ultimate disposition thereof. Hence, the event which would entitle plaintiff to costs has not arrived. The situation is analogous to one where there had been no trial, since the Appellate Division has suspended defendant's right to costs pending a final disposition of the issues. Moreover, it would be presumptuous for the court at Special Term to impose burdensome costs and disbursements in the face of the decision of the Appellate Division that they should abide the event of the litigation. To do so would invest defendant with an advantage to which a new trial might not entitle him.

Defendant also requests, if the motion be granted, plaintiff be required to furnish a bill of particulars as to the representations made in line with the particulars heretofore furnished to the defendant, and that paragraph eighth of the proposed amended complaint be stricken out for the reason that plaintiff conceded in the appellate court he had no evidence to substantiate that allegation.

Plaintiff is granted leave to serve an amended complaint upon the following conditions: (1) That he furnish to the defendant a bill of particulars in line with the particulars furnished under the original complaint and in addition specifying the representations relating to " book value " and when and where made; (2) that the case retain its place upon the calendar; (3) that paragraph eighth of the proposed complaint and the corresponding paragraph in the original complaint be stricken out.

Defendant is entitled to twenty days from the service of the amended complaint in which to answer or otherwise move. (*Kelly* v. *Hilbert*, 200 App. Div. 489.)

Enter order accordingly, with ten dollars costs of the motion to defendant.