EDWARD H. O'HARA, Plaintiff, *v.* JOHN N. DERSCHUG, Defendant.*

Supreme Court, Onondaga County, August 20, 1935.

*Bond, Schoeneck & King,* for the plaintiff.

*Hancock, Dorr, Kingsley & Shove,* for the defendant.

KENYON, J. This is an application made by the defendant at an adjourned Special Term of this court for an additional allowance as provided for in section 1513 of the Civil Practice Act. It was argued on the 11th day of July, 1935. The application is made upon the theory that it has been a difficult and extraordinary case.

* See, also, 156 Misc. 454.

After issue was joined, several preliminary motions were made. The trial was started in December, 1931, and was continued until February 13, 1932, at which time the jury awarded a verdict for the plaintiff in the sum of $106,619.22. Judgment thereon was entered March 2, 1932, for $108,805.67. A motion for a new trial was denied. An appeal was taken by the defendant. On May 26, 1934, the Appellate Division of the Supreme Court, Fourth Department, unanimously reversed the judgment and directed a new trial (241 App. Div. 513). On November 22, 1934, the plaintiff moved for permission to serve an amended complaint. Such permission was granted January 4, 1935. From that order (154 Misc. 1) an appeal was taken to the Appellate Division (244 App. Div. 764) which resulted in a modification of the order of the Special Term by directing that the plaintiff " be permitted to serve an amended complaint on condition that he pay all taxable costs and disbursements to date, except the costs of this last mentioned appeal." Permission for a reargument of such appeal and for leave to appeal to the Court of Appeals was denied by the order of the Appellate Division, Fourth Department, dated May 15, 1935 (244 App. Div. 883).

This application for an extra allowance to the defendant was not made until after the modification was made by the Appellate Division of the order permitting the plaintiff to serve an amended complaint herein. The Appellate Division modified the order of the Special Term permitting the plaintiff to serve his amended complaint providing he pay all taxable costs and disbursements to date.

In effect this court is now asked, in its discretion, and by virtue of section 1513 of the Civil Practice Act, to award an additional allowance to the defendant of $2,000. The defendant in his papers then proposes to insist if such allowance be made that it shall be included in the conditions set forth by the Appellate Division as to the payment of all taxable costs and disbursements to date before the plaintiff may serve his amended complaint.

At the time that such condition was imposed by the Appellate Division, it is reasonable to assume such additional amount was not in the contemplation of the court. The application therefor was not made until the elapse of some time thereafter. A Special Term has no power to vary the terms or the scope of an order of the Appellate Division. Perhaps had the additional allowance been in existence at the time of the order of the Appellate Division the terms of that order would have included it, but this court does not now know that.

Section 1470 of the Civil Practice Act provides that " plaintiff is entitled to costs of course, upon the rendering of a final judgment in his favor."

Section 1475 of the Civil Practice Act provides that the " defendant is entitled to costs, of course, upon the rendering of final judgment in an action specified in sections fourteen hundred and seventy to fourteen hundred and seventy-three unless the plaintiff is entitled to costs as therein prescribed."

Section 1513 of the Civil Practice Act provides that " in an action brought to foreclose a mortgage upon real property or for the partition of real property, or any difficult and extraordinary case, where a defense has been interposed in an action * * * the court, in its discretion, also may award to any party a further sum, as follows." By other provisions of the Civil Practice Act such additional sums, if allowed, are limited to $2,000.

Reading these sections together, the court may, in its discretion, award an additional allowance only upon the rendition of a final judgment. In this case final judgment has been reversed, set aside, and a new trial ordered. A final judgment no longer exists in favor of anybody. Furthermore, these provisions provided only for the awarding of an additional allowance upon the rendition of a final judgment in favor of the party applying for it. There has never been a final judgment rendered in this case in favor of the defendant, to date.

There appears to be no authority upon which the discretion of the trial court may be invoked or exercised in allowing an additional sum to the defendant in this case.

Again, if this court should now allow the award of an additional sum, and upon the subsequent trial the plaintiff was again successful, clearly the award to the defendant would have been not only without authority, but inequitable.

To warrant an additional allowance being made by virtue of section 1513 of the Civil Practice Act, the case must be both difficult and extraordinary. (*Town of Brighton* v. *Rochester Vulcanite Pavement Co.*, 244 App. Div. 546, Fourth Dept.) Any subsequent trial of this case will be before another trial justice. *Quære*, he may not find this case is both difficult and extraordinary.

In the case of *De Stuckle* v. *Tehuantepec Railway Co.* (30 Hun, 34) the court states: " The Code contemplates but one allowance, and that only upon final judgment. * * * An additional allowance after it is properly granted, becomes a part of the costs of the action which the successful party is entitled to recover, and if such allowance be granted upon sustaining or overruling a demurrer where leave is given to amend on payment of costs, the unsuccessful party on the demurrer may be compelled to pay, as a condition of leave to answer, an additional allowance in a case when final judgment may ultimately be rendered in his favor. We are satisfied that this

result was not in contemplation of the Code. There cannot be two extra allowances granted in the same case, although the case may have been tried several times. * * *

" The Superior Court in *McDonald* v. *Mallory* (14 J. & S. [46 N. Y. Super. Ct.] 58, 63) laid down the correct rule in these words: ' The test must be that the action has terminated in such form that the successful party can lawfully claim the payment of the costs on such termination, and enforce their payment.' "

The court is therefore of the opinion that this application is premature. Likewise, that there is no authority for the granting of the same.

Motion denied. Ten dollars costs to the plaintiff. Settle order accordingly.