PEOPLE ex rel. SHIELS v. GREENE, Police Com'r.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. CERTIORARI—COSTS.

In certiorari costs are granted or withheld on the writ, and not by virtue of the original trial or hearing.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Certiorari, § 209.]

2. COSTS—POWER TO AWARD—POLICE COMMISSIONER.

The police commissioner of the city of New York has no power to grant or to withhold costs of any trial had before him.

**3. SAME—COSTS TO ABIDE THE EVENT—ORDER.**

Where, on appeal from an order dismissing a writ of certiorari to review proceedings before the police commissioner of New York City resulting in the dismissal of relator from the police force, the order of dismissal was reversed, and a new trial granted relator, "with costs to abide the event," the event referred to was the final event of the writ of certiorari, evidenced by some order of the court; the police commissioner having no power to award costs.

**4. SAME.**

Where a trial is granted on appeal, with costs "to abide the event," the event contemplated is one determining that the successful party is by law entitled to costs.

**5. SAME—TAXATION.**

Under Code Civ. Proc. § 2143, providing that in certiorari costs may be awarded in the discretion of the court, where, on reversal by the court of appeals of an order dismissing a writ of certiorari to review proceedings before the police commissioner of New York City resulting in the dismissal of relator from the police force, relator was granted a new trial, "with costs to abide the event, and thereafter the commissioner ordered that the charges against relator be dismissed, relator was not entitled to tax his costs until the award of such costs by the court.

Appeal from Special Term, New York County.

Action by the people, on relation of John H. Shiels, against Francis V. Greene, as police commissioner of the city of New York. From an order directing the taxation of costs in relator's favor, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Terence Farley, for appellant.

Jacob Rouss, for respondent.

HOUGHTON, J. Charges were preferred against relator, a police officer of New York, and a trial was had thereon before the police commissioner, resulting in his dismissal from the force. A writ of certiorari was obtained to review this proceeding, and on the hearing in this court the writ was dismissed and the proceeding confirmed. The relator appealed to the Court of Appeals, where such order of dismissal was reversed, as well as the determination of the commissioner, because of the admission of incompetent evidence on the trial, and a new trial was granted to relator, "with costs to abide the event." 179 N. Y. 195, 71 N. E. 777. Remittitur was filed, and such determination made the judgment of this court. Thereafter the police commissioner, through one of his deputies, on the matter formally coming on, ordered that the charges against relator be dismissed. Thereupon the relator applied to the county clerk for taxation of his costs, which included the costs and disbursements of his appeal to the Court of Appeals, as well as $50 costs in the Appellate Division. Taxation was refused in the absence of an order, and a motion was made, and the Special Term ordered such costs to be taxed, from which order the defendant appeals.

We do not think the relator was in position to tax his costs. A writ of certiorari of this character must be heard by the Appellate Division of the Supreme Court held within the judicial department embracing the county where the writ is returnable. Code Civ. Proc. § 2138. Costs are

granted or withheld upon the writ, and not by virtue of the original trial or hearing. The police commissioner has no power to grant or to withhold costs of any trial had before him. This court has made no order since the determination of the Court of Appeals with respect to the writ or with respect to costs thereon, which lie in its discretion. The relator moved in the Court of Appeals to have his costs of appeal made absolute, but that court refused to grant them other than to abide the event. The police commissioner having no power to award costs, the event referred to must be considered to have been the final event of the writ of certiorari, evidenced by some order of the court which has not yet transpired. Where a new trial is granted upon appeal, with costs "to abide the event," the event contemplated is one which determines that the successful party is by law entitled to costs. Snyder v. Collins, 12 Hun, 383. Such determination on this writ has never been had. Unless this court should be bound by the order made by the Court of Appeals with respect to costs, it would have the power to withhold costs from the relator, even though it should be determined that he successfully prosecuted his writ, because costs are discretionary. Code Civ. Proc. § 2143. If the Court of Appeals intended to grant general costs to the party who should finally be successful in having costs awarded to him upon the writ, that event has not transpired, because no such award has been made, and may never be made, for they may be entirely withheld. This view is in accordance with our holding in People ex rel. Dwyer v. Greene, Police Com'r (Sup.) 97 N. Y. Supp. 1144. That case and the present one were companion cases, and each was disposed of in the same manner by the Court of Appeals. The court at Special Term refused to direct taxation of costs, and we affirmed the order so made, without opinion. It follows, therefore, that we must reverse the present order.

Order reversed, with $10 costs and disbursements, and motion denied, without costs. All concur.