(54 Misc. Rep. 298)

LENNON v. CHARIG.

(City Court of New York, Special Term.　May, 1907.)

COSTS—RIGHTS OF DEFENDANT.

Defendant in a city court recovered judgment for more than $50, which was reversed on appeal, with costs to appellant to abide the event, and on a second trial he recovered less than $50.　Code Civ. Proc. § 3228, provides that plaintiff is not entitled to costs unless he recovers $50 or more.　Section 3229 provides that defendant is entitled to costs on judgment in an action specified in section 3228, unless plaintiff is entitled to costs.　*Held*, that defendant was entitled to costs of appeal and of both trials.

Action by William V. Lennon against Irving S. Charig.　Judgment for plaintiff.　Motion by defendant for retaxation of costs.　Motion granted.

See 102 N. Y. S. 465.

John H. Regan, for plaintiff.
Salter & Steinkamp, for defendant.

GREEN, J.　This, an action at law, was tried before a jury and a verdict rendered for $300.　Costs were taxed by the plaintiff at the sum of $82.50, and judgment entered for $382.50.　The defendant appealed to the Appellate Term of the Supreme Court, which tribunal reversed the judgment, "with costs to the appellant to abide the event."　Thereupon the case was in due time and form tried a second time, and upon the second trial plaintiff obtained a verdict for $25.　Plaintiff thereupon gave notice of taxation of the costs of the first trial, and the clerk taxed them against the objection of the defendant.　The defendant gave notice of taxation of costs for the first trial, the costs of the appeal and the second trial, and against the objection of the defendant taxed only for defendant the costs of the second trial, to which exception was duly noted.

The defendant complains of the taxation, and objects to the taxation of any costs for plaintiff, and asks that the clerk be directed to tax as the defendant's costs the cost of the first trial, the costs on the appeal, and the costs of the second trial; in other words, that the plaintiff is not entitled to any costs, but that defendant is entitled to tax them all.　By section 3228 of the Code of Civil Procedure it is provided that the plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor, but the plaintiff is not entitled to costs where the complaint demands judgment for a sum of money only unless he recover the sum of $50 or more.　Section 3229 provides that the defendant is entitled to costs, of course, upon the rendition of a final judgment in an action specified in section 3228 (which includes the case at bar), unless the plaintiff is entitled to costs.　The plaintiff on the second trial having recovered a judgment for only $25, it is conceded by both parties that, so far as the costs of the second trial are concerned, the defendant is entitled to have them taxed, and the questions now to be determined are whether the plaintiff is entitled to tax the costs of the first trial or whether the defendant is entitled

to them, as well as the costs on appeal from the judgment on the first trial.

It must be remembered that the Appellate Term in reversing the judgment obtained on the first trial reversed the same "with costs to the appellant to abide the event," and, in order to arrive at a proper decision in this matter, it becomes necessary to examine the authorities to ascertain what, by judicial interpretation, is meant "the event." In a recent case the Appellate Division has declared:

"Where a new trial is granted upon appeal with costs 'to abide the event,' the event contemplated is one which determines that the successful party is, by law, entitled to costs." People ex rel. Shiels v. Greene, 114 App. Div. 169, 99 N. Y. Supp. 679.

The court in the case cited referred with approval to the case of Snyder v. Collins, 12 Hun, 383, in which the court held that the event upon which the costs of appeal depended was an event which should entitle the plaintiff to costs by law. The "event" in the case at bar, it can readily be seen, was the second trial, and upon which from the amount of the judgment obtained by the plaintiff, to wit, $25, the defendant became entitled to costs. Under and by virtue of section 3228, the Appellate Court, if a new trial be directed, may award costs to either party, absolutely or to abide the event, in the discretion of the court, and it has been held that costs limited to a party are the costs of the appeal. See Belt v. Am. Central Ins. Co., 33 App. Div. 240, 53 N. Y. Supp. 363. The Appellate Term in the case at bar awarded costs to the appellant to abide the event. The appellant was the defendant. The "event," it has been shown by the authorities, means the occurrence which determined which party is entitled to costs by law. The "event" took place at the second trial, and upon which the failure of the plaintiff to recover $50 decided the "event" in favor of the defendant. This being so, I am of the opinion that the plaintiff, not having been entitled to costs on the second trial, and the "event" having been decided against him, should not be allowed to tax any costs. The objection to the taxation of plaintiff's bill of costs on the first trial is sustained. The objection and exception of defendant to the clerk's failure to tax the costs of the first trial and the costs on appeal is sustained and the clerk is directed to retax the same.

Ordered accordingly.