Hitchings & Burdick, of New York City (Hector M. Hitchings, of New York City, of counsel), for appellant.

House, Grossman & Vorhaus, of New York City (Charles Goldzier, of New York City, of counsel), for respondent.

PAGE, J. If this action had been brought to foreclose the lien upon the chattels, and the moving papers alleged default after demand and that the property was in possession of the defendant, a warrant of attachment could have issued without the statement of the other grounds of attachment required by section 636 of the Code of Civil Procedure. See Lien Law (Consol. Laws, c. 33) § 206; Coiro v. Baron, 158 App. Div. 591, 143 N. Y. Supp. 853. The action was brought to recover the debt, and not to foreclose upon the security, and the allegations as to the defendant being about to remove his property from the state with intent to defraud his creditors are entirely insufficient to sustain the warrant, being mere conclusions, and no sufficient allegations of facts upon which the conclusions are based.

Order affirmed, with $10 costs and disbursements. All concur.

---

SELDIN v. BLOCK et al.

(Supreme Court, Appellate Term, First Department. June 16, 1915.)

COSTS ⚥243—TAXATION OF COSTS—COSTS ON APPEAL.
    Where a new trial is granted, with costs to abide the event, such costs are taxable. notwithstanding Code Civ. Proc. § 3228, subd. 5, limiting taxation of costs in certain cases; Code Civ. Proc. § 3237, providing that such section shall not affect the recovery of costs on appeal.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 938, 939, 946; Dec. Dig. ⚥243.]

Appeal from City Court of New York, Special Term.

Action by Bernard L. Seldin against Isaac Block and Louis Kasdan, as Block & Kasdan. From an order vacating taxation of costs on appeal, plaintiff appeals. Reversed.

See, also, 150 N. Y. Supp. 471.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Alexander Kahn, of New York City, for appellant.
Goodman Block, of New York City, for respondents.

PAGE, J. A former judgment herein in favor of the defendant was vacated upon appeal to this court, and a new trial ordered, "with costs to the appellant to abide the event." Upon a new trial the plaintiff recovered a verdict for $200 only, and under Code of Civil Procedure, § 3228, subd. 5, is not entitled to costs of the action. The plaintiff then proceeded to tax the costs on appeal, and from an order entered at Special Term of the City Court, striking out the costs, this appeal is taken.

In the case of La Rosa v. Wilner, 54 Misc. Rep. 574, 104 N. Y. Supp. 952, this court decided, upon almost identical facts, that "subdi-

vision 5 of section 3228, supra, has no application whatever to the costs given a prevailing party on appeal," citing section 3237 of the Code of Civil Procedure, which is contained in the same article (title 1, art. 1, c. 21) with section 3228, and states: "The foregoing sections of this article do not affect the recovery of costs upon an appeal." The learned justice at Special Term, in granting the order, relied upon the cases of People ex rel. Shiels v. Greene, 114 App. Div. 168, 99 N. Y. Supp. 579; and Miller v. City of Buffalo, 129 App. Div. 833, 113 N. Y. Supp. 1056. Neither of these cases, however, is a case within title 1, art. 1, c. 21, of the Code of Civil Procedure, and affected by the provisions of section 3237 thereof, quoted above; and the former case follows Snyder v. Collins, 12 Hun, 383, which was decided prior to the enactment of section 3237, supra. In a case not governed by section 3237 it is well settled that, "where a new trial is granted with costs to abide the event," the event contemplated is one which determines that the successful party is by law entitled to costs. Snyder v. Collins, 12 Hun, 383; People ex rel. Shiels v. Greene, supra. But it is impossible, in construing the provisions of section 3228 et seq. of the Code of Civil Procedure, to overlook the express stipulation that they "do not affect the recovery of costs upon an appeal." If the effect of section 3228 is removed from consideration of costs on appeal, the plaintiff, being successful in the action is entitled to recover the costs of the appeal given "to abide the event."

The order appealed from is accordingly reversed, with costs. The plaintiff is not, however, entitled to the item of $25, taxed pursuant to section 3251, subd. 3, of the Code of Civil Procedure, for "proceedings after granting a new trial," which item must be stricken from the bill of costs on appeal as taxed. All concur.