PHILIP CROWN, Respondent, v. H. M. GOLDSTEIN Co., INC., Appellant.

First Department, November 9, 1917.

**Master and servant — action for wrongful discharge — charge — new trial.**

Appeal from a judgment for the plaintiff in an action to recover damages for a wrongful discharge by his employer, the issue being whether the discharge was justified by the plaintiff's conduct. Charge examined, and *held*, that the defendant did not have the benefit of a fair trial upon a very close and doubtful question and that the interests of justice will be served by granting a new trial.

APPEAL by the defendant, H. M. Goldstein Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of December, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 22d day of December, 1916, denying the defendant's motion for a new trial made upon the minutes.

*I. Maurice Wormser* [*Solon B. Lilienstern* with him on the brief], for the appellant.

*Alex B. Greenberg*, for the respondent.

PER CURIAM:

The plaintiff was hired by defendant for a period of a year at a fixed salary. In less than three months he was discharged. The issue of fact in the case was whether or not the discharge was justified by the plaintiff's conduct. On this question the evidence was very conflicting with a preponderance, as we consider, in favor of defendant. It was, however, in the last analysis, a question for the jury, and we should not be disposed to interfere with the verdict merely upon the weight of the evidence if, in our opinion, the question had been fairly presented. As is usual in such cases the plaintiff claimed *inter alia* that the real reason for his discharge was that the work had slackened and that defendant had sought to avoid the payment of the stipulated salary. There was little or no support for this claim except by the plaintiff's

own testimony, the evidence on the part of defendant being to the contrary.

Nevertheless, the court, in its charge dwelt forcibly and repeatedly upon this claim of slackness of work, even going so far as to say that the evidence on both sides of the case was to the effect that the month of December (in which plaintiff was discharged) was a slack time. This was not the effect of the evidence of defendant's witnesses so far as plaintiff's part of the work was concerned, and the charge was calculated to leave an erroneous impression upon the jury's mind as to what the evidence really was. We doubt whether this error was effectually cured by the subsequent remarks of the court leaving all the facts to the jury.

On the whole we are of the opinion that the defendant had not had the benefit of a fair trial upon a very close and doubtful question and that the interests of justice will be served by granting a new trial. The judgment and order should be reversed and a new trial granted, with costs to abide the event.

Present — CLARKE, P. J., SCOTT, SMITH, DAVIS and SHEARN, JJ.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.