PHILIP CROWN, Respondent, *v.* H. M. GOLDSTEIN COMPANY, INC., Appellant.

First Department, April 19, 1918.

**Costs — taxation of costs where plaintiff succeeds on some issues and fails on others — section 3234, Code of Civil Procedure, construed.**

There can be only one final judgment in an action at law, and where the plaintiff recovers on one or more causes of action, but fails to recover on one on which an issue of fact has been joined and submitted to the

jury, each party should tax his costs and they should be offset in the final judgment as required by section 3234 of the Code of Civil Procedure.

A certificate that the substantial cause of action was the same upon each issue required by section 3234 of the Code of Civil Procedure to enable one of the parties only to tax costs under said section must be made by the justice or judge who presided at the trial and a plaintiff who has failed upon one of the issues submitted cannot enter costs in a final judgment without obtaining such certificate.

The failure of the defendant to tax his costs at or before the time the plaintiff taxed his costs did not warrant the plaintiff in entering judgment. *It seems,* that he should have called upon the defendant to tax his costs and on his failure to do so should have applied at Special Term for an order requiring such taxation and giving the plaintiff the right to enter judgment on the defendant's failure to tax his costs within a time prescribed.

APPEAL by the defendant, H. M. Goldstein Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of February, 1918, denying its motion to vacate a judgment entered herein on the 18th day of January, 1918, on the ground that the same does not conform to the verdict as rendered.

*Samuel D. Lasky* of counsel [*Solon B. Lilienstern,* attorney], for the appellant.

*Alex. B. Greenberg* of counsel [*Greenberg & Levy,* attorneys], for the respondent.

LAUGHLIN, J.:

The judgment was entered on a verdict in favor of plaintiff. The complaint set forth in three separate counts three causes of action, upon the first and third of which issues of fact were joined and litigated and plaintiff only recovered on the first and second. In such case by the express provisions of section 3234 of the Code of Civil Procedure each party was entitled to costs against the other " unless it is certified that the substantial cause of action was the same upon each issue," and if it were so certified then plaintiff only would be entitled to costs. The section does not expressly prescribe who shall make the certificate, but manifestly it was intended that it should be made by the justice or judge who presided on the trial. The plaintiff without obtaining such a certificate taxed

his costs and entered final judgment and then applied on notice for such a certificate. The application was denied and plaintiff appealed therefrom and we are herewith affirming the order without opinion (183 App. Div. 929). On the uncontroverted facts there was no ground for contending that the substantial cause of action was the same on each issue, and there is no theory on which plaintiff's practice in so entering the judgment without such a certificate can be sustained. The first cause of action was to recover damages for a wrongful discharge after performing services for thirteen weeks under a contract of employment for one year. The second was for salary earned, due and unpaid under the contract at the time of the discharge; and the third was to recover $90 for " extra work, labor and services " performed for defendant during the time of plaintiff's employment under the contract for which he alleged defendant " promised and agreed to pay." The defendant admitted the second cause of action and pleaded tender of payment and refusal to accept it and readiness and willingness to pay and joined issue on the other two causes of action and for separate defenses pleaded that plaintiff was incompetent and justification for the discharge. The court instructed the jury that there could be no recovery for the extra work, which it developed was a claim for overtime, under the original contract; but left it to the jury to determine on conflicting testimony whether or not there was a subsequent agreement to pay therefor with instructions that if so plaintiff was entitled to recover but not otherwise. The jury rendered a verdict for plaintiff for $1,158.87 and stated that they had found that plaintiff was not entitled to recover for " any overtime," and the clerk, by direction of the court, entered in his minutes that the jury found for defendant " as to the third cause of action, which embraces the claim for overtime." If the plaintiff had merely claimed that he was entitled to recover for the overtime under the original contract and an issue of fact with respect thereto had been submitted to the jury, there would be force in his contention that such claim was embraced in his first cause of action; but if he so contended the court ruled against him on that point as matter of law, and the only issue submitted to the jury with respect to the overtime was under the third

cause of action as pleaded on the theory of a subsequent agreement.

There can be only one final judgment in an action at law, and where, as here, the plaintiff recovers on one or more causes of action but fails to recover on one on which an issue of fact has been joined and submitted to the jury, each party should have taxed his costs and they should have been offset in the final judgment as is required by the provisions of said section 3234. That section, after providing that in such case each party shall be entitled to costs against the other unless such a certificate be obtained, provides as follows: " Costs, to which a party is so entitled, must be included in the final judgment, by adding them to, or offsetting them against, the sum awarded to the prevailing party; or otherwise, as the case requires."

The failure of defendant to tax his costs at or before the time plaintiff taxed his costs, did not warrant plaintiff in entering the judgment. He should have called upon defendant to tax his costs and on his failure so to do should have applied at Special Term for an order requiring it and giving plaintiff the right to enter judgment on defendant's failure so to do within a time prescribed in the order on the theory that such failure would constitute an abandonment of the right, and in such case the court would be justified in awarding costs against defendant for unnecessarily requiring the application to the court.

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion to vacate judgment granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.