PHILIP CROWN, Respondent, v. H. M. GOLDSTEIN COMPANY, INC., Appellant.

First Department, January 24, 1919.

Costs — costs to abide result of final judgment — appeal resulting in favor of defendant upon one of three counts — when defendant may tax costs of appeal — item for proceedings before and after trial — witness' fees.

Where the Appellate Division reverses a judgment and orders a new trial " with costs to the appellant to abide the result of the final judgment in the action," and the appellant succeeds on the new trial to the extent of establishing a right as a matter of law to tax a bill of costs, he thereby becomes entitled to tax the costs of the appeal.

In such case it does not matter whether, in an action embracing several counts, the net result of the jury's finding upon the several counts is in favor of the party whose original judgment was reversed.

Thus, where a complaint set out three counts and a judgment thereon in plaintiff's favor was reversed and upon a new trial the jury found for the plaintiff on two counts and in favor of the defendant upon the third, the

defendant is entitled to tax the costs and disbursements attendant upon the appeal which secured the final result.

An item of twenty-five dollars for proceedings before and after granting a new trial was properly taxed.

So too, an item of twelve dollars representing subpœna fees paid witnesses who were regularly summoned and testified was properly taxed irrespective of the particular count in the complaint as to which the testimony was directed.

APPEAL by the defendant, H. M. Goldstein Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of November, 1918, granting plaintiff's motion for a review of the taxation of the defendant's costs herein.

*Samuel D. Lasky* of counsel [*Solon B. Lilienstern*, attorney], for the appellant.

*Alex B. Greenberg* of counsel [*Greenberg & Levy*, attorneys], for the respondent.

SHEARN, J.:

When this court reverses a judgment and orders a new trial, " with costs to the appellant to abide the result of the final judgment in the action," which is the usual form employed in the order of reversal where the court decides to award costs " to the appellant to abide the event," and upon such new trial the appellant succeeds to the extent of establishing a right, as a matter of law, to tax a bill of costs, such successful appellant thereby becomes entitled to tax the costs of the appeal. In such case it does not matter whether, in an action embracing several counts, the net result of the jury's findings upon the several counts is in favor of the party whose original judgment was reversed. If such an appellant succeeds on the new trial in obtaining a judgment in his favor upon any count, and thus becomes entitled to costs, the " event " has occurred which entitles him to the contingent appeal costs. (*Snyder* v. *Collins*, 12 Hun, 383; *New* v. *Anthony*, 4 id. 52; *People ex rel. Shiels* v. *Greene*, 114 App. Div. 168; *Selden* v. *Block*, 90 Misc. Rep. 579.) Here the complaint set forth three counts, and after a judgment in favor of plaintiff upon all three counts was reversed (179 App. Div. 677),

the jury upon the new trial found in favor of the plaintiff on two counts and in favor of the defendant upon the third. The plaintiff was unable to obtain the certificate provided for in section 3234 of the Code of Civil Procedure, and this court held that each party was entitled to tax costs, which should be offset in the final judgment. (182 App. Div. 730.) Owing to the disproportion between the amount recovered by the plaintiff on the first two counts and the small amount involved in the third count, on which defendant succeeded, there appears to be a hardship in requiring the plaintiff to deduct from his judgment the very substantial costs on appeal. But, the rule being settled, an exception cannot be made simply because of the disproportion in the amounts involved in the several counts. Moreover, as the defendant was defeated on all counts on the first trial and had to take an appeal to obtain its final success upon the third count, it is reasonable that the defendant should have the costs and disbursements attendant upon the appeal which secured this result. The case of *Taylor* v. *New York Life Ins. Co.* (148 App. Div. 815) is not in point, for the defendant did not upon the new trial establish a right to tax costs upon entry of judgment on the first count, which was the only one reviewed by the Court of Appeals, but, on the contrary, the plaintiff again succeeded on this count, although he recovered a smaller amount than on the first trial.

The item of twenty-five dollars for proceedings before and after granting a new trial was properly taxed. (*Van Gelder* v. *Hallenbeck*, 15 Civ. Proc. Rep. 332.) Also the item of twelve dollars representing subpœna fees paid witnesses who were regularly summoned and testified, irrespective of the particular count in the complaint as to which their testimony was directed.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for a new taxation denied, without costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, without costs.