ARTHUR FOWLER, Plaintiff, v. FRED R. STUART, Defendant.

Supreme Court, Fulton Special Term, June, 1922 (Received October, 1922).

Costs — appeal — reversal, with costs to appellant to abide event — six-cent verdict on new trial — plaintiff may tax appeal costs.

At the opening of the trial the complaint in an action for malicious prosecution was dismissed on the ground that it did not state a cause of action. On appeal the judgment was reversed and a new trial granted, "with costs to the appellant to abide the event." *Held.* that plaintiff, having on the new trial recovered a verdict of six cents, was entitled to tax the costs and disbursements of the appeal from the first judgment.

MOTION by plaintiff for retaxation of his costs.

*William H. Bass* (*Horton D. Wright*, of counsel), for plaintiff.

*J. Keck* (*Andrew J. Nellis*, of counsel), for defendant.

WHITMYER, J. The action was brought to recover damages for malicious prosecution. The case came on for trial at the January, 1921, Fulton Trial Term, and was dismissed on the opening on the ground that the complaint did not state facts sufficient to constitute a cause of action. On appeal the Appellate Division reversed and granted a new trial, "with costs to the appellant to abide the event." On the trial following, plaintiff obtained a verdict for six cents and thereupon sought to tax full costs for each trial and for the appeal, in the sum of $294.31, but the clerk taxed them at six cents. Now he is asking that they be retaxed at $121 for the costs and disbursements of the appeal. Prior to September 1, 1880, when section 3237 of the Code of Civil Procedure, now section 1489 of the Civil Practice Act, became effective, costs in an action of this kind were regulated by section 3228, subdivision 3, of the Code, now section 1471 of the Civil Practice Act, and it was held that the event contemplated, upon the grant of a new trial, "with costs to abide the event," was one which determined that the successful party was, by law, entitled to costs. *Snyder* v. *Collins*, 12 Hun, 383. So that, prior to that time, where a recovery was for six cents, in a case of this kind, all costs, both of trial and of appeal, were limited to that amount. But when section 3237 of the Code, now section 1489 of the Civil Practice Act, became effective, the limitation, prescribed by section 3228, subdivision 3, of the Code,

now section 1471 of the Civil Practice Act, was removed, in a case of this kind, so far as relates to costs granted upon appeal. And, since that time, a plaintiff in such an action, if successful, has been entitled to recover costs on appeal, where granted to abide the event, without reference to the amount of his recovery. *Selden* v. *Block*, 90 Misc. Rep. 579; *La Rosa* v. *Wilner*, 54 id. 574. Here, plaintiff was successful on the main issue and the jury awarded him six cents damages. And, with the limitation of the earlier section removed, as it must be, if the later one is to be effective in a situation such as this, he is entitled to the costs of the appeal, which he was obliged to take to secure his right to go to a jury. The motion to retax is granted to that extent, with ten dollars costs of motion to be paid by defendant to plaintiff.

Ordered accordingly.