LIZZIE GORDON, Appel ant, *v* MAX KRELLMAN, Respondent.

First Department, July 6, 1926.

Costs — appeal costs — new trial granted on appeal by defendant, with costs of appeal to him to abide event — appellant not entitled to costs of appeal on new trial unless he is successful in obtaining judgment on merits — mere fact that court, on new trial, acting within its discretion (Civil Practice Act, § 1477), awards defendant costs of new trial, does not give him right to appeal costs.

A defendant, appellant, who is granted a new trial by the Appellate Division, with costs of appeal to him to abide the event, is not entitled on a retrial to the costs of the appeal where judgment is rendered against him but for a less amount than on the first trial, although the court, in the exercise of its discretion under section 1477 of the Civil Practice Act, awards costs to the defendant.

A successful appellant, on appeal, to whom costs of the appeal are awarded to abide the event, is entitled to the costs of the appeal on the new trial only in case he is successful in obtaining a judgment on the merits upon the retrial.

APPEAL by the plaintiff, Lizzie Gordon, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of April, 1926, granting defendant's motion for retaxation of costs.

*George W. Glaze,* for the appellant.

*Jerome A. Strauss* of counsel [*Aaron William Levy,* attorney], for the respondent.

FINCH, J. The question to be determined upon this appeal is the " event " which will carry the costs of appeal when they are awarded by the appellate court to the defendant, appellant, to abide the event. The respondent argues that it is the award of costs upon a second trial which constitutes the event, while the appellant urges that it is the success in recovering a judgment for any amount, irrespective of the award of costs, which determines the event.

The action was brought by the plaintiff, as a mortgagee in possession of mortgaged property, for leave to account for her collections and disbursements in the management thereof, for the determination of the amount due to her and for a foreclosure. Defendant counterclaimed, charging the plaintiff with having negligently managed the property, failing to rent it for the reasonable rental value thereof, and that except for these acts of plaintiff the profits would have been more than sufficient to satisfy fully the mortgage indebtedness and award a judgment to the defendant,

and the defendant prayed for an affirmative judgment on the counterclaim against the plaintiff for $15,000. On motion of the plaintiff, interlocutory judgment was entered on the pleadings granting the plaintiff's application for leave to account and referring the matter to a referee to take the account and to determine the counterclaim. The accounting was had and final judgment was entered for an amount due the plaintiff under her mortgage, and dismissing the counterclaim on the merits. On appeal to this court the interlocutory judgment was modified, but the final judgment was reversed and a new trial of the accounting and of the counterclaim directed to be had before a justice at Special Term and not before a referee, with costs of the appeal to the defendant, appellant, to abide the event. (*Gordon* v. *Krellman*, 207 App. Div. 773; Civ. Prac. Act, § 1490.) Upon the retrial the court at Special Term found against the defendant on the counterclaim, namely, that the plaintiff did not negligently manage said property and did not negligently fail to rent the same for the reasonable rental thereof; that the rents and profits which would have been derived from the property would not have been sufficient to satisfy the indebtedness which was due by the defendant to the plaintiff, and that the defendant had not sustained damages in any amount and dismissed the counterclaim. The plaintiff upon the retrial recovered very much less than she sought by her complaint or had recovered upon the first trial where she had judgment for some $21,000. The decree, however, found due to the plaintiff $6,000 and directed a sale of the property unless the respondent paid this amount and took over the property. Because of this material reduction in the amount sought by the plaintiff, the trial justice awarded the costs of the action to the defendant. The defendant's proposed bill of costs contained not only the costs of the retrial at Special Term, but also the costs of appeal which had been awarded to him to abide the event. Upon the taxation before the clerk, the plaintiff objected to the costs of appeal and the same were stricken out. On a motion for retaxation, the justice at Special Term overruled the clerk, on the ground that the award of the court costs constituted the defendant the successful party, and ordered a restoration of the costs of appeal to the defendant. The awarding of the costs on the retrial at Special Term to the defendant was within the discretion of the trial justice. (Civ. Prac. Act, § 1477.) None of the sections of the Civil Practice Act, however, awarding costs affect the recovery of costs upon an appeal. (Civ. Prac. Act, § 1489.) Where the costs are awarded by an appellate court to abide the event, the party who finally recovers in the action is the party entitled to tax them. In *First*

*National Bank* v. *Fourth National Bank* (84 N. Y. 469) the court, by ANDREWS, J., said: " The plaintiff is entitled to tax the costs of the appeal to this court. The first judgment was reversed, with costs to abide the event. The event of the new trial was the circumstance which was to determine which party should recover the costs of the appeal. The order did not limit the recovery of costs to the prevailing party on the appeal, in case he should finally succeed in the action. * * * We have often limited the recovery of costs on appeal to one of the parties, but where the order reversing a judgment and granting a new trial is made with costs to abide the event, without other limitation, we understand that the party finally succeeding in the action is entitled to tax them."

In the above case the costs were awarded generally to abide the event, and in the case at bar the costs were awarded to the defendant, appellant, to abide the event. The above authority is decisive, since the event in each case is the same, namely, the success on the retrial. Whether either party could recover the costs or whether they were recoverable only by the defendant had no bearing on the event which should determine whether or not the costs would be awarded.

The respondent relies on three cases (*People ex rel. Shiels* v. *Greene,* 114 App. Div. 168; *Miller* v. *City of Buffalo,* 129 id. 833; *Crown* v. *Goldstein Co., Inc.,* 186 id. 86) as sustaining the right of the respondent to tax the costs on appeal, for the reason that respondent was entitled to tax the costs of the second trial through the award of costs to the defendant in the discretion of the justice at Special Term. *Crown* v. *Goldstein Co., Inc.* (182 App. Div. 730; 186 id. 86) was an action at law for damages for wrongful discharge, and the complaint set forth in three separate counts three causes of action, the first of which was to recover damages for a wrongful discharge after performing services for thirteen weeks under a contract of employment for one year; the second was for salary earned, due and unpaid at the time of the discharge; and the third was to recover a sum for extra work, labor and services performed for the defendant during the time of plaintiff's employment under the contract, but for which the jury were instructed that the plaintiff was not entitled to recover unless they found that the defendant had specially agreed to pay for said extra work. The defendant admitted the second cause of action, and pleaded tender of payment and refusal to accept. Issue was joined on the first and third causes of action. On the first trial the plaintiff recovered on all the counts litigated. Upon appeal the judgment was reversed and a new trial ordered, with costs to the defendant, appellant,

to abide the result of the final judgment. On the retrial plaintiff, respondent, won on the first cause of action and the defendant, appellant, won on the third cause of action. Under the Code of Civil Procedure, as the causes of action were not substantially the same on each issue, both parties became entitled to tax costs. The court held that as the plaintiff had been successful on one count on the merits and the defendant had been successful on the third count on the merits, therefore, the defendant was entitled to tax the costs of the appeal, which disposition was correct. In *Miller* v. *City of Buffalo* (*supra*) the court was careful to point out that the new trial had not yet been had, and hence the contingency would not happen upon which the plaintiff was entitled to costs until the new trial should occur. The result here, therefore, was also a correct disposition. In *People ex rel. Shiels* v. *Greene* (*supra*) a writ of certiorari was obtained to review a trial had before the police commissioner, resulting in the dismissal of a police officer from the force. In the Appellate Division the writ was dismissed and the proceeding sustained. The relator appealed to the Court of Appeals, where such order of dismissal was reversed, as well as the determination of the commissioner, because of the admission of incompetent evidence on the trial and a new trial granted, " with costs to abide the event." Thereafter the police commissioner, upon the retrial, ordered that the charges against the relator be dismissed. Thereupon the relator applied to the county clerk for taxation of his costs, which included the costs in the judgment as well as fifty dollars in the Appellate Division. Taxation was refused and a motion was made at Special Term and the Special Term ordered such costs to be taxed, from which order the defendant appealed. This court held that the relator was not in a position to tax his costs. As no costs had been awarded by the Appellate Division, the order made at Special Term was erroneous in including fifty dollars costs in the Appellate Division, since the costs in that court were in its discretion and had not been awarded. (Code Civ. Proc. § 2143; Civ. Prac. Act, § 1307.) The order, therefore, in including fifty dollars in the Appellate Division, was erroneous and the reversal of the order was, therefore, justified. In all the above cases, however, there are many expressions which are purely *obiter*, but which, when taken apart from their context, can be used to justify the position of the respondent. All three cases, moreover, refer as their authority first cited to the case of *Snyder* v. *Collins* (12 Hun, 383); and *People ex rel. Shiels* v. *Greene* (*supra*) refers alone to such authority as sustaining its contention that " the event contemplated is one which determines that the successful party is, by law, entitled to costs." In *Snyder* v. *Collins*

(*supra*) the plaintiff brought an action against the defendant for
assault. At the first trial he was nonsuited. Upon appeal to the
General Term the nonsuit was set aside and a new trial granted,
" costs to abide event." Upon the second trial the plaintiff
obtained a verdict for ten dollars and taxed the costs of the appeal
to the General Term and entered judgment. The Special Term
ordered a retaxation of the costs and directed that there should
be no more costs than damages included in the judgment, which,
on appeal, was affirmed, the General Term saying: " The event
upon which the costs of the appeal depended was an event which
should entitle the plaintiff to costs by law. That event never
happened to him to an extent greater in all than ten dollars."

Prior to September 1, 1880, when section 3237 of the Code of
Civil Procedure (now section 1489 of the Civil Practice Act) took
effect, this disposition was correct, since under section 304 of the
Code of Procedure (section 3228, subdivision 3, of the Code of
Civil Procedure, section 1471 of the Civil Practice Act) in certain
actions, of which an action for assault was one, if the plaintiff
recovered less than fifty dollars, the amount of his costs could
not exceed the amount of damages. An order of the appellate
court, therefore, directing that on the new trial costs to the
appellant should abide the event, made under the authority of
section 306 of the Code of Procedure (Code Civ. Proc. § 3238;
now Civ. Prac. Act, § 1490), would have to be made subject
to the provisions of said section 304, so limiting plaintiff's costs
to not more than the amount of his damage. The enactment
of section 3237 of the Code of Civil Procedure provided that the
provisions relating to trial costs should not affect the recovery of
costs upon appeal. Since September 1, 1880, therefore, the rule
laid down in *Snyder* v. *Collins* has not been applicable, so far as
common-law cases are concerned, wherein the costs were awarded
by law, and has never been applicable, so far as cases in equity
are concerned, where the costs have always been, by statute, in
the discretion of the trial court. (Code Civ. Proc. § 3230, now
Civ. Prac. Act, § 1477.) Indeed said section 3237 (now section
1489 of the Civil Practice Act) is held to entitle plaintiff to the
costs of appeal even though, because of the amount of his recovery,
he has not been allowed any costs or full costs upon the retrial.
(PAGE, J., in *Selden* v. *Block,* 90 Misc. 579.) In other words, the
" event " in the case at bar was not the success of the defendant
in obtaining the favorable exercise of the discretion of the trial
justice in awarding to him costs upon the retrial, but whether or
not he was successful in obtaining a judgment in his favor upon

the merits, which was the result for which the new trial was ordered. It follows that both at law and in equity, where costs are awarded to the appellant to abide the event, the meaning of this phrase is that the event which shall determine whether the appellant is entitled to an award of the costs of appeal is his success in obtaining a judgment on the merits upon the retrial.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.