Per Curiam.

The orders appealed from should be modified so as to allow to appellant the costs and disbursements on the first appeal to the Appellate Division which were awarded “ to the appellant to abide the event ” (263 App. Div. 516). Although appellant’s testator was again defeated on both causes of action on the second trial by the Surrogate, whose second decree was affirmed by the Appellate Division (268 App. Div. 983), the Court of Appeals reversed it on the merits with respect to one cause of action (295 N. Y. 73). The event is to be judged by the decree as it is finally to be entered in the "Surrogate’s Court after the reversal by the Court of Appeals, and Mr. Snyder’s estate was so far successful as to have eliminated the surcharge on one of the two checks. Having secured a better result than on the original hearing in that one of the causes of action against him was dismissed, Mr. Snyder was proven by the event to have been justified in taking the first appeal to the Appellate Division (Crown v. Goldstein, 186 App. Div. 86). His eventual success in this respect is not to be measured by the Surrogate’s failure to award costs. As was stated in Gordon v. Krellman (217 App. Div. 477, 481-482, per Finch, J.): “ In other words, the ‘ event ’ in the case at bar was not the success of the defendant in obtaining the favorable exercise of the discretion of the trial justice in awarding to him costs upon the retrial, but whether or not he was successful in obtaining a judgment in his favor upon the merits, which was the result for which the new trial was ordered.”
On the other hand, appellant cannot be reimbursed out of the estate for the disbursements on the second appeal to the Appellate Division, inasmuch as the Court of Appeals did not allow costs of that appeal. It was discretionary with the Court of Appeals to allow costs to the appellant in all courts *149 or only in the Court of Appeals (Civ. Prac. Act, § 1490; Surrogate’s Court Act, § 283)'. The reversal “ with costs ” wiped out the adversary’s costs of the second trial in the Surrogate’s Court and of the second appeal to the Appellate Division, hut is to be interpreted as granting to appellant costs growing out of the second trial in the Court of Appeals only. As has been stated, the costs of the first appeal to the Appellate Division provided for by an order which was not reviewed by the Court of Appeals, were not affected by the determination of the Court of Appeals, but were left to' abide the final outcome of the litigation.
The order should also be modified so as to provide that the decree to be entered shall direct that there shall be paid to the appellant the personal funds of the executor of the Goebel estate which he deposited under section 303 of the Surrogate’s Court Act in lieu of the undertaking required by section 299.
The orders appealed from should be modified in accordance with the foregoing and, as so modified, affirmed, with $20 costs and disbursements to the appellant.
Martin, P. J., Glennon, Dore, Callahau and Van Voorhis, JJ., concur.
Orders unanimously modified in accordance with opinion and as so modified affirmed, with $20 costs and disbursements to the appellant. Settle order on notice.